## 38040. POLLARD v. THE STATE.

SMITH, Justice.

Appellant, Roger Wayne Pollard, was convicted of the murder of Vaughn Cross and sentenced to life imprisonment. In his four enumerations of error, he challenges portions of the trial court's charge and the sufficiency of the evidence. We affirm.

1. Appellant contends the evidence presented by the state was insufficient to support the verdict. The gist of his argument is that the state's case depended entirely upon his extrajudicial statement to show criminal intent and that this statement, together with his testimony at trial, amounted to no more than an admission that a killing took place, showed that he acted in self-defense, and was not inconsistent with other evidence in the case. Relying on *Harrell v. State,* 108 Ga. App. 295 (2) (132 SE2d 787) (1963), appellant contends his conviction must be reversed. We disagree.

Contrary to appellant's assertions, there was ample evidence that appellant did not act in self-defense. Both appellant and his girl friend testified that appellant and the victim got into a fight over thirty dollars allegedly owed to appellant by the victim, that during the fight appellant pulled a knife and cut the victim several times, that the victim fell to the floor whereupon appellant started kicking

the victim in the face, and that appellant continued to kick the victim until his girl friend grabbed his legs and told him to stop. Appellant testified that after he stopped, he took the victim's pulse and there was none. Medical testimony established that the knife wounds were superficial and the cause of death was intra-cranial hemorrhage caused by many severe blows to the head.

On cross-examination, the DA asked appellant, "He [the victim] was on the ground, already on the ground, when you walked over to him, and you were so enraged you started kicking him, didn't you?" Appellant answered, "Yes."

In our view, appellant's own testimony, as well as that of his girl friend, provided facts from which the jury could find criminal intent beyond a reasonable doubt. *Harrell v. State,* supra, is therefore inapplicable. The evidence in this case authorized the jury to find appellant guilty of murder, *Terry v. State,* 243 Ga. 11 (252 SE2d 429) (1979); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant's first and fourth enumerations are not meritorious.

2. Appellant claims the trial court erred in charging the jury: "You may infer that the acts of a person of sound mind and discretion are the products of his will and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his acts. Now, whether or not you make any such inference is a matter solely within the discretion of the jury." Appellant does not claim the charge amounted to a mandatory presumption or was burden-shifting. Rather, he claims it was an "unrestrained permissive presumption" violative of due process.

A permissive presumption or inference is one which allows but does not require the jury to infer an ultimate fact from proof of a basic fact. It places no burden on the defendant; it merely advises and guides the jury as to what conclusions they might draw from circumstantial evidence presented at trial. A defendant challenging a permissive presumption or inference must demonstrate its invalidity as it applies to him. *Williamson v. State,* 248 Ga. 47, 54 (281 SE2d 512) (1981).

Appellant has failed to demonstrate that the charge given in this case violated his due process rights. The basic facts and the facts that may be inferred from those basic facts are rationally connected, and the latter are more likely than not to flow from the former. See County Court of Ulster County, N. Y. v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979). We find no error.

3. Finally, appellant asserts that the trial court erred in charging on flight. He contends the charge violated due process.

Appellant left the scene of the killing before the authorities

arrived, traveling to Alabama, Texas, Louisiana and Florida. Over two months after the killing, he was arrested and returned to Coweta County. "[T]his evidence authorized an instruction on flight. Evidence of flight presents an issue for the jury, and the trial court correctly charged the jury that they were to determine if there was flight, that a defendant's flight was subject to explanation and that they were to consider whether or not they would draw an inference of guilt from flight." *Montgomery v. State,* 241 Ga. 396, 397 (245 SE2d 652) (1978).

Contrary to appellant's contention, the charge on flight did not violate due process. Ulster County, N. Y. v. Allen, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 1982.

*Glover & Davis, Jack T. Camp,* for appellant.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.