## 41468. DILL v. THE STATE.
(325 SE2d 765)

BELL, Justice.

David Julian Dill was convicted of murdering Betty J. Dill by shooting her during a domestic quarrel,[1] and was sentenced to life imprisonment. He appeals, and we affirm.[2]

1. In his first enumeration Dill argues that the court erred in instructing the jury as follows: "I charge you that every person is presumed to be of sound mind and discretion, but this presumption may be rebutted. I charge you that you may infer that the acts of a person of sound mind and discretion are the products of his will and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his intentional acts. *Now, whether or not you make any such inference is a matter solely within the discretion of you, the Jury.* I charge you that intent is an essential element of any crime and must be proved [by] the State beyond a reasonable doubt." (Emphasis supplied.) Dill contends that the emphasized instruction amounted to licensing the jurors to inject personal prejudices into their deliberations. To demonstrate that he was harmed by the latitude which the instruction allegedly afforded the jury, Dill speculates that the jury may have been biased against husbands who kill their wives during domestic squabbles. He further speculates that the jurors may have thought that it could deter further homicides of this kind by pillorying Dill, and that they therefore based their inference that he intended to kill his wife upon their desire to make an example of him.

---

[1] The couple married in 1977. They divorced in 1981, but shortly thereafter reconciled and resumed cohabitation, but without benefit of marriage.

[2] The murder was committed March 23, 1983. Dill was indicted for malice murder May 19, 1983. A jury verdict was returned November 17, and he was sentenced to life imprisonment November 18, 1983. He filed a motion for new trial on December 2, 1983. The motion was denied April 4, 1984, and Dill filed his notice of appeal April 30. The record was docketed in this court August 16, 1984. Dill submitted the appeal to this court for decision without oral arguments October 5, 1984.

The instruction in question is substantially the same as a charge which we considered in *Pollard v. State*, 249 Ga. 21, 22 (2) (287 SE2d 189) (1982).[3] In that case the defendant alleged that the instruction was an "unrestrained permissive presumption" violative of due process, but we disagreed, holding that the defendant had failed to demonstrate that the charge violated his due process rights. *Pollard,* id. at 22. We reach the same conclusion here. As we observed in *Pollard,* the charge merely advised and guided the jury as to what ultimate fact it was authorized to infer from certain basic facts; those basic and ultimate facts are rationally connected, and the latter are more likely than not to flow from the former. *Pollard,* id. at 22. Moreover, there is absolutely no indication that the jury interpreted the instruction as allowing them to draw upon their own biases to concoct spurious basic facts. The court expressly informed the jurors in another portion of its charge that the law did not permit them "to be governed by sympathy, resentment, prejudice or public opinion." The charge of which Dill complains does not contradict or lessen the force of the latter direction, and Dill has not attempted to show that the jurors in fact predicated their verdict upon their personal prejudices. We therefore find no error.

2. Dill's counsel asked a witness to testify as to Betty Dill's general reputation in the community for violence. The prosecution objected on the basis that Dill had not made out a prima facie case of self-defense. The court agreed, and excluded the evidence. In his second enumeration Dill, who did not claim self-defense, argues that the reputation evidence was relevant to bolster his own testimony that his wife had threatened to shoot him; that he had picked up the pistol only to hide it from her; that she had grabbed for it; and that her homicide was an accident resulting from their struggle for the pistol.

This enumeration has no merit. The admission of evidence of the violent nature of the deceased in a homicide prosecution is strictly limited. "Generally, the character of a victim is not admissible, it being as unlawful to kill a violent person as to kill a nonviolent person. *Milton v. State*, 245 Ga. 20 (262 SE2d 789) (1980). Only if the defendant makes a prima facie showing that the victim was in fact the ag-

---

[3] We note that the disputed charge in this case is essentially the same as the current Superior Court Judges' recommended pattern charge.

It is also similar to a charge approved by the former Fifth Circuit and the present 11th Circuit Court of Appeals in their supervisory capacity over the district courts in their circuits (quoting from the 1977 edition of Federal Jury Practice & Instructions, § 14-13 (3d ed. 1977)), which informs the jury that "[y]ou may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. *As I have said, it is entirely up to you to decide what facts to find from the evidence.*" (Emphasis supplied.) *Franklin v. Francis,* 720 F2d 1206, 1211, fn. 3 (11th Cir. 1984); *United States v. Chiantese,* 560 F2d 1244, 1255 (5th Cir. 1977).

gressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend himself, may defendant show the victim's general character for violence. *Maynor v. State*, 241 Ga. 315 (245 SE2d 268) (1978); *Curtis v. State*, 241 Ga. 125 (243 SE2d 859) (1978)." *Harrison v. State*, 251 Ga. 837 (3) (310 SE2d 506) (1984).

3. In his final enumeration appellant contends that the evidence was insufficient to authorize the verdict, and that the trial court therefore erred in refusing to grant his motion for new trial. We disagree. On appeal this court examines the evidence in a light most favorable to support the jury verdict. Although appellant contended that the shooting was the accidental result of a struggle, forensic tests showed that the gun would not fire accidentally, and that the bullet which killed Betty Dill was fired from a distance of approximately four feet, which clearly was outside the range of a struggle situation. Moreover, Betty Dill was still alive when police arrived after the shooting. In response to appellant's assertion to the police that he and Betty "were fighting over the gun and it went off," Betty stated, "No, we weren't either. He got the gun and shot me." She thereafter repeated the phrase, "He just shot me. He just got the gun and shot me," several times. Viewing the evidence in a light most favorable to the jury's verdict, any rational trier of fact could have found Dill guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 20, 1985.

*Paul S. Weiner*, for appellant.

*Robert E. Keller*, District Attorney, *David C. Marshall*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Dennis R. Dunn*, for appellee.