### 45343. CHAPMAN v. THE STATE.
(367 SE2d 541)

HUNT, Justice.

Robin Chapman was convicted by a jury and received a life sentence for the murder of her husband, Jody Chapman.[1] She appeals, raising as error the sufficiency of the evidence, the exclusion of certain evidence, the trial court's instructions to the jury, and the form of the verdict.

The evidence, viewed in the light most favorable to the jury's verdict, showed that the defendant and victim had been married approximately seven months after dating for 5½ years. The victim had

---

[1] The defendant shot and killed the victim on June 20, 1986. She was indicted on July 18, 1986 and tried on November 9, 10 and 11, 1987. The defendant's notice of appeal was filed in the Hall County Superior Court on November 17, 1987. This appeal was docketed here on December 30, 1987 and submitted for decision without argument on February 12, 1988.

beaten the defendant both before and during their marriage. On the day of the killing, the defendant purchased a handgun and ammunition. She picked the victim up from his job and he got angry with her because she was wearing new clothes. The defendant testified that the victim beat her on their return home, that she told him she would leave him and that he threatened to kill her if she did so. Shortly thereafter, the defendant shot the victim while he was bathing. The defendant's defense was justification, based on the battered woman syndrome. At trial, she testified that she shot the victim because she was afraid that he would kill her. She also testified that all she had wanted was for the victim to apologize for beating her the week before, or to tell her that he loved her, and that she shot him because he had not done so.

1. This evidence was sufficient to support the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by refusing to admit evidence of the victim's general reputation for violence in the community. The particular evidence in question was the testimony of two witnesses, one, a person who had known the defendant for over twenty years, and the other, a member of the sheriff's department who, on the defendant's proffer of evidence, testified that the victim had a reputation within the sheriff's department for violence. The general rule is that the character of a victim is not admissible because it is as unlawful to kill a violent person as to kill a non-violent person. *Dill v. State*, 254 Ga. 17, 18 (2) (325 SE2d 765) (1985). The exception to this rule, and the only situation in which a defendant may show the victim's reputation for violence, is where the defendant makes a prima facie showing that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend himself. Id. at 18-19 (2); *Bennett v. State*, 254 Ga. 162, 164 (3) (326 SE2d 438) (1985). See also *Milton v. State*, 245 Ga. 20, 22 (262 SE2d 789) (1980) and cases cited therein.

Here, the defendant testified that she shot the victim in self-defense after numerous beatings. Her claim of self-defense was supported by expert testimony on the battered woman syndrome. See *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981). The expert, a nurse trained in psychology employed as the director of a community shelter for battered women, testified that the defendant's personality fit that of a woman who suffered from the syndrome. Here, as in *Smith*, the expert testified that those who suffer from the battered woman syndrome, because of certain characteristics in their personalities, do not leave their husbands, even after numerous beatings, do not inform police or friends of their husbands' violence, and, under certain circumstances, believe that they are in present danger that

their husbands will kill them, although some time has elapsed since the husband's last assault against them. Expert testimony regarding the battered woman syndrome authorizes a jury to find that, notwithstanding any lapse in time since the husband's last assault, the defendant honestly was trying to defend herself although her husband was not at the moment physically attacking her, for example when she shot her husband while he was sleeping or, as here, bathing. A defendant claiming self-defense based on the battered woman syndrome may, by her own testimony, coupled with that of an expert, make the prima facie showing required for the admission of the victim's general character for violence. *Dill v. State,* supra; *Bennett v. State,* supra. The defendant here made the required prima facie showing and the trial court erred by excluding that testimony.

We disagree with the state's argument that any error in excluding the testimony regarding the victim's reputation for violence was harmless, as cumulative, because similar testimony was admitted from another witness before the trial court sustained the state's objection to the question of that witness. Here, the trial court erroneously excluded testimony of a witness who had known the victim for over twenty years, as well as that of a sheriff, and we cannot conclude that this error was harmless.

3. The defendant alleges a number of errors with regard to the trial court's charge to the jury.

(a) The trial court correctly refused to give the defendant's request to charge regarding the effect of evidence of the victim's violent character.

(b) In her third, fourth, fifth, sixth, and eighth enumerations, the defendant contends the trial court erred by failing to give certain charges on her defense of justification. The trial court fully charged the jury on this defense, and the charge given substantially covered the principles contained in the charges requested by the defendant. Accordingly, these enumerations are without merit. *Putman v. State,* 251 Ga. 605, 612 (7) (308 SE2d 145) (1983).

(c) Defendant's request regarding terroristic threats was not adjusted to the evidence, as none of the alleged threats by the victim were corroborated as contemplated by OCGA § 16-11-37. Further, the trial court's charge on the victim's threats as raising a legitimate fear on the part of the defendant was more beneficial than that requested by the defendant on this question. Accordingly, we find no error.

(d) No charge on circumstantial evidence was requested by the defendant and, contrary to the defendant's argument, the charge given by the trial court on this issue was correct.

(e) The trial court properly rejected the defendant's requested charges on the "two-theories defense." That charge was not appropriate here, where the case against the defendant was not based solely

on circumstantial evidence. *Wilkerson v. State*, 183 Ga. App. 26, 27 (2) (357 SE2d 814) (1987).

(f) The trial court did not err by failing to give the defendant's requests to charge regarding insanity. The defendant failed to file the notice of intent to raise this issue as required by Uniform Rules of Superior Court, Rule 31.4, and counsel for the defendant specifically stated at trial that the defendant was not raising insanity as a defense. Further, no evidence of defendant's insanity was presented at trial.

(g) The defendant contends the trial court erred by failing to specifically charge the jury that the state had the burden to disprove the defendant's claim of justification beyond a reasonable doubt. While it would have been error to refuse a requested charge on this issue, the defendant made no such request and the trial court's charge adequately and correctly set out the law on the presumption of innocence and the state's burden of proof. Accordingly, we find no error. *Boyd v. State*, 253 Ga. 515, 518 (322 SE2d 256) (1984).

(h) The trial court did not err in its charge on intent. The charge was supported by and adjusted to the evidence, and was not burden-shifting. See *Catchings v. State*, 256 Ga. 241, 248 (11) (347 SE2d 572) (1986).

4. The defendant contends the trial court erred by submitting a prejudicial verdict form to the jury. We reiterate here our opinion, expressed in *Smith v. State*, 249 Ga. 228, 232 (5) (290 SE2d 43) (1982), that it would be safer to omit preprinted terms of "guilty" and "not guilty" from any verdict form submitted to the jury and to require the verdict be completed by the hand of the jury. Nevertheless, our review of the form here shows a clear option of a not guilty verdict so that no reasonable juror could have been misled into believing that option was not available, particularly in light of the trial court's instructions on the use of the verdict form. Therefore, we find no error regarding this enumeration.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 4, 1988.

*Robert E. Andrews*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.