S93A0927. STRONG v. THE STATE.
(436 SE2d 213)

CLARKE, Chief Justice.

Timothy O'Neal Strong was convicted of the felony murder of Roger Thrasher, as well as two counts of aggravated assault on the persons of Terry Delamar and Jerry Thrasher. The defendant was sentenced to life imprisonment for the felony murder conviction and terms of years for the aggravated assault convictions.[1]

At the time of the crimes, the defendant and the victims were attending a cookout. Eyewitnesses testified that the defendant, along with a number of other people, was watching four men play cards. The defendant was standing behind Jerry Thrasher, one of the card players. Believing that the defendant was watching his hand of cards in order to signal one of the other players, Jerry Thrasher repeatedly asked the defendant to move away from him. When the defendant cursed Thrasher and refused to move, Thrasher turned around and hit the defendant in the head with his fist. The defendant staggered and fell to the ground. The defendant then left the group, went to a

---

[1] The crimes were committed on June 6, 1992. The defendant was indicted on August 20, 1992, and brought to trial on January 19, 1993. The jury returned its verdict January 21, 1993, and the trial court sentenced the defendant that same day. The defendant did not file a motion for new trial. His case was docketed in this court on March 25, 1993, and orally argued on June 15, 1993.

nearby van, and within seconds returned with a handgun. Jerry Thrasher and other eyewitnesses testified that the defendant pointed the gun at Thrasher and tapped him on the shoulder. When Thrasher turned around and threw up his arms in a defensive move, the defendant fired. The bullet entered the left side of Jerry Thrasher's face, exited, and struck Terry Delamar in the left cheek. The bullet then exited through Delamar's right cheek, destroying several teeth.

Jerry Thrasher testified that after the defendant shot him, he grabbed the defendant's wrist with one hand and the barrel of the gun with his other hand. Thrasher testified that the defendant fired the gun a second time. This shot struck and killed Thrasher's brother, Roger Thrasher. Several men then disarmed the defendant who fled.

The defendant testified that he feared Jerry Thrasher because of a recent disagreement. He further testified that Jerry Thrasher struck him with a bottle, or some other object, and not his fist. He then went to the van and returned with a gun to frighten Jerry. He stated that Jerry hit the gun and it discharged. He testified that the gun discharged a second time while they were scuffling. The defendant testified that he did not intend to shoot anyone, and that the shootings were "an accident."

1. A rational trier of fact could have found the defendant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant argues that the trial court erred in refusing to give his requests to charge the law of justification. The defendant argues that his defense of accident applied only to the charge of malice murder, of which he was acquitted. He maintains that his defense of justification was his sole defense to the charges of which he was convicted, and, as such, it was reversible error not to give his requests to charge to the jury under our holding in *Turner v. State*, 262 Ga. 359 (418 SE2d 52) (1992).

In *Turner* this court recognized that the presence of evidence supporting both accident and justification defenses is rare, but held that where there is evidence of both, the trial court should charge both if there is a timely request to do so. However, we have also held that where there is no evidence showing that the defendant was justified in using deadly force against the victim to protect himself, it is not error to refuse to charge the law of justification. *Head v. State*, 262 Ga. 795, 800 (426 SE2d 547) (1993).

The defendant testified at trial that he did not intend to shoot "anyone," and that "it was an accident." There is nothing in the record to indicate that the defense of accident applied solely to a charge of which the defendant was acquitted.

The defendant testified that he feared members of the group other than the victims, and that he got a gun from the van to defend

himself against them. The record shows that after Jerry Thrasher struck the defendant, the defendant stated, "I'm through with it," and walked to the van. There is no evidence to show that anyone threatened or followed the defendant as he walked away. The defendant testified that the only threat made to him was when Jerry Thrasher struck him following Thrasher's accusation of cheating. The defendant returned from the van with a gun and shot Jerry Thrasher. Jerry Thrasher testified that he placed one hand on the barrel of the gun and the other on the defendant's wrist to stop the defendant from firing again. The gun discharged a second time. With regard to this incident the defendant testified only that "it was an accident." We conclude that the record supports the trial court's determination that there was no evidence to authorize a charge on justification. Therefore, the trial court did not err in failing to give the requests to charge at issue.

3. The defendant had previously pled guilty under the First Offender Act to the misdemeanor offense of carrying a pistol without a license. On cross-examination of one of the defendant's character witnesses in the trial of this case, the state asked the witness if he was aware of the defendant's previous conviction for carrying a pistol without a license. Additionally, the state cross-examined the defendant with regard to his guilty plea, and offered a certified copy of the defendant's guilty plea in evidence.

When the defendant elects to place his character in evidence within the meaning of OCGA § 24-9-20 (b), the state may offer evidence of the defendant's prior convictions. *Jones v. State*, 257 Ga. 753, 758 (363 SE2d 529) (1988). We have held, however, that "the entry of a guilty plea under OCGA § 42-8-60 is not a 'conviction' within the usual definition of that term." *Priest v. State*, 261 Ga. 651, 652 (409 SE2d 657) (1991). The defendant argues that it is impermissible to attempt to impeach him by use of a guilty plea entered to a misdemeanor offense under the First Offender Act, citing *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) (1990).[2]

In this case, however, the defendant failed to object to the cross-examination of his character witness or to the admission of his guilty plea. Therefore, we do not reach this issue on appeal. *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).

4. The defendant maintains that his conviction for aggravated assault on Terry Delamar merged into his conviction for the felony murder of Roger Thrasher. The defendant takes the position that since the underlying felony to the felony murder conviction was ag-

---

[2] In that case we held that a *witness* in a *civil* trial may not be impeached by showing that he has been convicted of a crime involving moral turpitude when the witness has pled guilty to a crime under the First Offender Act.

gravated assault, "the aggravated assault on Terry Delamar is the only offense which can apply."

We do not agree. The defendant's conviction for aggravated assault against Terry Delamar was based on the first shot fired which struck both Jerry Thrasher and Terry Delamar. The record shows that his conviction for felony murder was based on the aggravated assault resulting from the second shot fired. In establishing the crime of felony murder, the state was not required to use any of the evidence needed to prove the crime of aggravated assault against Terry Delamar. Thus, the crime of aggravated assault was not established by the same, but less than all, the facts required to establish the crime of felony murder. OCGA § 16-1-6 (1); *Garrett v. State*, 263 Ga. 131 (429 SE2d 515) (1993). The trial court did not err in failing to merge the crimes.

5. Prior to trial the trial court ordered an evaluation of the defendant, concluding that because the defendant "has a history of irrational, violent outbursts," it appears "that the defendant . . . is suffering from mental and emotional problems." The record does not contain a report of the findings of this evaluation. The defendant argues, however, that the trial court erred in failing to conduct, sua sponte, a hearing to determine whether he was competent to stand trial. However, where, as here, there is no evidence in the record of the defendant's incompetency, it is not error for the trial court to fail to conduct, sua sponte, a competency hearing. *Thaxton v. State*, 260 Ga. 141, 143 (390 SE2d 841) (1990).

6. Last, appellate counsel argues that trial counsel was ineffective in a number of ways. Because trial counsel filed the notice of appeal in this court, but did not further pursue the appeal, appellate counsel has raised this issue at the earliest practical moment. *Johnson v. State*, 259 Ga. 428 (383 SE2d 115) (1989). The trial court has, however, not had the opportunity to address these issues, and we therefore remand the case to it for a determination of defendant's contentions that his trial counsel was ineffective. *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986).

*Judgment affirmed in part, and case remanded. All the Justices concur, except Hunt, P. J., who concurs in the judgment only.*

DECIDED NOVEMBER 8, 1993 —
RECONSIDERATION DENIED DECEMBER 2, 1993.

*Howard, Jones & Heard, James W. Howard,* for appellant.
*Alan A. Cook, District Attorney, Jefferson B. Blandford, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin*

*Woolf, Assistant Attorney General,* for appellee.