## S94A1795. STRONG v. THE STATE.
(452 SE2d 97)

FLETCHER, Justice.

This Court affirmed Timothy Strong's conviction and life sentence for aggravated assault in the shooting of Jerry Thrasher and Terry Lee Delmar and for the felony murder of Roger Thrasher. *Strong v. State*, 263 Ga. 587 (436 SE2d 213) (1993). The Court remanded for a hearing on Strong's contention, raised in the first instance by appellate counsel, that he had been denied effective assistance of trial counsel. Id. at 590. On remand, the trial court held that Strong had not been denied effective assistance of counsel. He appeals and we affirm.

1. A defendant must meet two burdens to establish ineffective assistance of counsel. *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). He must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland*, 466 U. S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

2. Strong contends his trial counsel was ineffective because he failed to give the required notice to the court of his intent to offer evidence that Jerry Thrasher had previously entered guilty pleas to simple battery against a third party. Strong contends this prejudiced his case because, in the absence of prior notice, the trial court refused to admit this evidence and refused to charge the jury on justification. In *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991), this Court held that evidence of a victim's prior violent acts against third parties is admissible when the defendant claims justification, provided prior notice is given.[1] In order for evidence of the victim's specific acts of violence against third parties to be admissible, however, the defendant must do more than simply assert justification. The defendant must first make a prima facie showing that the victim was the aggressor. See *Chapman v. State*, 258 Ga. 214, 215 (367 SE2d 541) (1988) (victim's general reputation for violence admissible only after prima facie showing that victim was aggressor); *Milton v. State*, 245 Ga. 20, 22 (262 SE2d 789) (1980) (specific acts of violence by victim against defendant admissible only if prima facie showing made that victim was aggressor); OCGA § 16-3-21 (justification established only "when and to the extent that he reasonably believes that such . . . force is necessary to defend himself . . . against [another's] imminent use of unlawful force"). A victim's propensity for violence against third persons is insufficient by itself to establish justification. Because the sole evidence of justification in this case was the victim's prior violent acts against a third party,[2] these prior acts were inadmissible and Strong has not shown that he was prejudiced by his counsel's failure to give the required notice.

3. Strong had previously pled guilty under the First Offender Act, OCGA § 42-8-60, to carrying a pistol without a license. The State cross-examined a character witness about this "conviction" without objection. Strong argues that such evidence is inadmissible character evidence and contends his trial counsel was ineffective in not objecting to it. See *Strong*, 263 Ga. at 589.[3] Strong, however, has not

---

[1] *Chandler* required a defendant raising the defense of justification and seeking to introduce acts of violence by the victim to "notify the trial court of such intention prior to trial." Id. at 408. Uniform Superior Court Rule 31.6, enacted after Strong's trial, together with Rule 31.1, now requires that notice be given at least ten days before trial.

[2] The evidence showed that Strong fought with Jerry Thrasher; that Strong left the area; that Thrasher did not follow him; that Strong returned with a gun and shot Thrasher; and that Strong fired the gun a second time, fatally wounding Roger Thrasher. See *Strong*, 263 Ga. at 588-589.

[3] Whether the state may impeach a witness with evidence of a conviction under the First Offender Act is not determinative in this case and we do not reach the issue here. But see *Priest v. State*, 261 Ga. 651 (409 SE2d 657) (1991) (guilty plea under First Offender Act is not a "conviction" for purpose of mandatory suspension of driver's license); *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) (1990) (witness in a civil trial may not be impeached with

shown that the result of the trial would have been different if his trial counsel had objected to the evidence and it had been excluded. In light of the strength of the evidence against Strong, including his own testimony, we cannot say that the failure of trial counsel to object requires a reversal of Strong's conviction.

*Judgment affirmed. All the Justices concur.*

### DECIDED JANUARY 17, 1995.

*L. Stanford Cox III,* for appellant.

*Alan A. Cook, District Attorney, Jefferson B. Blandford, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.

---

a conviction of a crime involving moral turpitude when witness pled guilty under First Offender Act).