## S95A0259. GRANO v. THE STATE.
### (455 SE2d 582)

FLETCHER, Justice.

Sandra Dean Grano was convicted of malice murder in the stabbing death of her live-in boyfriend Jerry Sanford and was sentenced to life in prison.[1] She appeals and we affirm.

The evidence showed that on May 10, 1991, Grano and Sanford and several friends went to the King's Head Pub. There, Sanford and Grano argued and Sanford left the bar. Later, when Grano returned home and found that Sanford was not at home, she became enraged. Grano grabbed a knife and said she was going to stab Sanford when he returned. Friends persuaded her to put down the knife, but a short time later, when Sanford returned home, Grano again grabbed the knife and met Sanford outside. They argued and Grano stabbed Sanford three times.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Grano guilty of the crime charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court gave charges on both voluntary manslaughter and justification, but refused to give Grano's requested charge on involuntary manslaughter under OCGA § 16-5-3 (a). A review of the record reveals that the evidence did not support a charge on involuntary manslaughter and therefore, the trial court did not err in failing to give that charge. See *State v. Alvarado,* 260 Ga. 563, 564 (397 SE2d 550) (1990) (charge on lesser included offense must be given if there is any evidence defendant is guilty of that offense).

3. Grano presented expert testimony by Dr. Margaret Nichols on battered woman's syndrome. The trial court excluded Dr. Nichols'

---

[1] The crime occurred on May 11, 1991. Grano was indicted on December 12, 1991. The jury returned a guilty verdict and the court sentenced her on July 10, 1992. Grano filed a motion for new trial on July 13, 1992, which was denied on October 12, 1994. The case was docketed in this court on October 21, 1994 and was argued on February 13, 1995.

testimony regarding specific instances of abuse by Sanford against third parties. Grano contends that under *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991), the trial court should have permitted this evidence. In *Chandler*, this court held that evidence of a victim's prior violent acts against third parties is admissible when the defendant claims justification, provided prior notice is given. Id. at 407. Evidence of prior violent acts, however, may not be established by hearsay testimony. Dr. Nichols' knowledge of Sanford's prior acts against third parties was based on conversations with third parties, rather than on her direct knowledge. Therefore, the trial court did not err in excluding that testimony.

4. Grano contends that the trial court erred in omitting from its pre-charge, given before opening statements, an instruction on the defense of justification. The trial court informed the jury that the pre-charge[2] was given as an introduction to the case and "is not a substitute for the detailed instructions of law . . . which I will give you at the close of the case before you retire and consider your verdict." At the close of the evidence the trial court gave detailed instructions to the jury, including the requested charge on justification. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 10, 1995.

*Alan C. Manheim, Lewis P. Perling,* for appellant.

*Thomas G. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Thomas A. Cole, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellee.

---

[2] The pre-charge included definitions of the charged offenses, the presumption of innocence, the state's burden of proof and outlined the procedural course the trial would take.