S96A0799. WALDEN v. THE STATE.
(476 SE2d 259)

BENHAM, Chief Justice.

This appeal is from Scott Randell Walden's conviction of murder and possession of a firearm during commission of a crime.[1] The State adduced evidence at trial showing that after Walden and his father, the victim, quarreled about the use of the victim's truck, Walden took a rifle outside and fired through a window, wounding his father fatally in the back of his head. Walden took the truck and drove to a friend's house, wiping and discarding the rifle on the way, and called 911 from there. A neighbor who heard the shot found the victim still alive, and he lived until after the police arrived, but did not speak. Walden initially told the police he was not involved in the shooting, then claimed his rifle fired the fatal shot accidentally, then testified at trial that his father threatened him and moved toward him with

---

[1] The crimes were committed on August 29, 1994, and Walden was indicted on October 12, 1994, for murder, felony murder, and possession of a firearm during commission of a crime. Walden's trial commenced on February 20, 1995, and concluded on February 23, 1995, with a verdict of guilty on all counts. The trial court sentenced Walden to life imprisonment for murder and to a consecutive five-year term for possession of a firearm during commission of a crime. A motion for new trial filed on March 15, 1995, was denied on September 5, 1995. Pursuant to a notice of appeal filed September 14, 1995, the appeal was docketed in this Court on February 7, 1996, and was submitted for decision on April 1, 1996.

fists clenched, at which point Walden picked up his rifle, went outside, and shot his father through the window. Other witnesses testified that Walden and his father, prior to the shooting, had discussed the life insurance Walden would receive if his father died, and that Walden had asked a witness some weeks before the shooting whether, if someone broke into the house, Walden would still get the insurance proceeds and the furniture in the house.

The issues Walden raises on appeal concern his unsuccessful efforts to introduce evidence of specific instances of his father's violent conduct toward others. Our review leads us to conclude that no error occurred in the exclusion of that evidence.

1. Having reviewed the record, we find the evidence sufficient to authorize a rational trier of fact to find Walden guilty beyond a reasonable doubt of murder and possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Muff v. State*, 254 Ga. 45 (326 SE2d 454) (1985).

2. When Walden gave notice of his intent to present evidence of the victim's previous acts of violence toward others, the trial court correctly ruled that the evidence would not be admissible unless Walden first made a prima facie showing of justification. *Strong v. State*, 264 Ga. 837 (2) (452 SE2d 97) (1995). The remaining issues on appeal arise from Walden's effort to present evidence of specific instances of the victim's violence toward third parties.

(a) Walden contends that the trial court erred in ruling that he did not make the required prima facie case of justification. In *Strong*, noting that a defendant wishing to present evidence of the victim's violence against third parties must make a prima facie case of justification, this Court cited *Chapman v. State*, 258 Ga. 214 (2) (367 SE2d 541) (1988). The prima facie case set forth in *Chapman* has three parts: "that the victim was the aggressor; that the victim assaulted the defendant, and that the defendant was honestly trying to defend himself." Id. Walden's testimony did not meet that standard. Although his testimony that his father advanced toward him with fists clenched may have shown that his father was the aggressor, Walden's testimony did not show that his father assaulted him or that he was defending himself when he fired the fatal shot. Since Walden's testimony did not satisfy the requirement of establishing a prima facie case of justification (*Strong*, supra), the trial court did not err in excluding evidence of the victim's prior acts of violence toward third parties.

(b) Contrary to Walden's arguments on appeal, the trial court's insistence that Walden establish a prima facie case of justification did not amount to a requirement that Walden testify. Although Walden is correct that *Dubose v. State*, 187 Ga. App. 293 (2) (369 SE2d 924) (1988), permits a defendant to establish the prima facie

case through the testimony of other witnesses, there is a crucial difference between that case and this one: the testimony of the other witnesses in *Dubose* related to the events with which that case was concerned, the transaction in which the defendant asserted that the victim was the aggressor, while the testimony Walden wanted to use to establish the prima facie case related to other events on other occasions. Walden's argument on this issue is circular in that he proposes that he be permitted to establish the prima facie case of justification by using the very evidence for which the prima facie case serves as foundation. The holding in *Strong* was that the defendant must "first" make a prima facie case of justification, and that is all the trial court in this case required.

(c) Because Walden had not satisfied the threshold requirements for admitting evidence of the victim's acts of violence against others, the trial court prohibited any mention of such evidence in Walden's opening statement. We find no error in that ruling because Uniform Superior Court Rule 10.2, "Opening Statements in Criminal Matters," provides that "[d]efense counsel's statement shall be restricted to expected proof by legally admissible evidence, or the lack of evidence." Since Walden did not present a prima facie case of justification and, therefore, could not present legally admissible evidence on the issue, he had no right to refer in his opening statement to prior instances of the victim's violence toward third parties. See also *Cargill v. State*, 255 Ga. 616 (21) (a) (340 SE2d 891) (1986).

(d) Finally, Walden complains of the trial court's ruling that the State would have a right to cross-examine him if he chose to testify in an effort to make his prima facie case of justification. OCGA § 24-9-20 (b) specifically provides that a defendant who elects to be sworn and testify is subject to cross-examination as are other witnesses. See also *Leonard v. State*, 146 Ga. App. 439 (3) (246 SE2d 450) (1978). The trial court's ruling was correct.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1996.

*Jeb W. Chatham*, for appellant.

*Roger G. Queen*, District Attorney, *Michael J. Bowers*, Attorney General, *Caroline W. Donaldson*, Assistant Attorney General, for appellee.