## S97A0720. LASTER v. THE STATE.
### (486 SE2d 153)

FLETCHER, Presiding Justice.

Willie James Laster was indicted for malice murder in the shooting death of Alexander Berry. After opening statements, the trial judge declared a mistrial because defense counsel injected the victim's propensity for violence without arguing that the defendant was justified in shooting. When the state again called the case for trial, Laster moved to dismiss on the basis of double jeopardy, but the trial court denied the motion. We must decide whether the trial court abused its discretion in granting a mistrial over the defendant's objection. Because there was a manifest necessity for declaring the mistrial based on defense counsel's improper opening statement, we affirm the trial court's ruling that double jeopardy does not bar Laster's retrial.

At a pre-trial hearing, the trial court heard brief arguments from counsel about the defense's notice of intention to present evidence of nine acts of violence by the victim. The defendant had not provided the state with correct addresses or phone numbers, and the trial court reserved ruling on the admissibility of the evidence. On the day of trial, without hearing further evidence or argument, the trial court

signed an order granting the defendant's notice of intention to introduce the evidence. During his opening statement, defense counsel described five specific acts of violence to show the victim's life of violence and then stated that the evidence would support the theory that someone other than Laster may have shot Berry. The state moved for a mistrial after the opening statements were completed because the defendant did not claim justification. The trial court granted the motion on the ground that the defendant enumerated specific acts of violence by the victim while suggesting that someone other than the defendant shot Berry.

1. The Georgia Constitution provides that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial."[1] Once a jury is impaneled and sworn, jeopardy attaches and an accused is entitled to have the trial proceed to an acquittal or conviction by that jury.[2] The trial court may interrupt the proceedings and declare a mistrial over the defendant's objection only if the prosecutor demonstrates manifest necessity for the mistrial.[3] Manifest necessity exists when the accused's right to have the trial completed by a particular tribunal is subordinate to " 'the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury.' "[4] The classic example of a proper basis for a mistrial is the trial judge's belief that the jury is unable to reach a verdict;[5] at the other extreme are the cases where the prosecutor seeks a mistrial to buttress weaknesses in the state's evidence.[6] When there is no prosecutorial misconduct, the trial court has broad discretion in deciding whether to grant a mistrial.[7]

2. In *Chandler v. State*,[8] we held that evidence of specific acts of violence by a victim against third persons is admissible when the defendant claims justification. Our rationale was that a decedent's

---

[1] Constitution of the State of Georgia of 1983, Art. I, Sec. I, Par. XVIII; see also U. S. Const., amend. V.

[2] *Jones v. State*, 232 Ga. 324, 326 (206 SE2d 481) (1974).

[3] *Arizona v. Washington*, 434 U. S. 497 (98 SC 824, 54 LE2d 717) (1978); *Smith v. State*, 263 Ga. 782, 783 (439 SE2d 483) (1994).

[4] *Arizona v. Washington*, 434 U. S. at 505, quoted in *Burleson v. State*, 259 Ga. 498, 500 (384 SE2d 659) (1989).

[5] See, e.g., *Griffin v. State*, 264 Ga. 232 (443 SE2d 612) (1994).

[6] *Arizona v. Washington*, 434 U. S. at 507-509; see, e.g., *Chatham v. State*, 247 Ga. 95 (274 SE2d 473) (1981) (no manifest necessity when the trial court and district attorney were at fault in creating the condition that resulted in the mistrial); *Cobb v. State*, 246 Ga. 619 (272 SE2d 296) (1980) (no manifest necessity when trial court declared a mistrial based on jury's recommendation that it would like to see the case tried again).

[7] See *Haynes v. State*, 245 Ga. 817, 819 (268 SE2d 325) (1980); *Arizona v. Washington*, 434 U. S. at 514 (trial judge's decision to declare a mistrial based on his assessment of the prejudicial impact of improper argument is entitled to great deference).

[8] 261 Ga. 402, 407 (405 SE2d 669) (1991).

violent acts against a third person can be relevant in weighing the truth of the defendant's claim of justification.[9] The defendant has the burden of proving that the evidence of specific acts of violence by the victim should be admitted.[10]

To meet that burden, the defendant must, at a minimum, (1) follow the procedural requirements for introducing the evidence,[11] (2) establish the existence of prior violent acts by competent evidence,[12] and (3) make a prima facie showing of justification.[13] By itself, the defendant's notice to the state of an intention to introduce evidence does not make the evidence admissible; the defendant must also present a legitimate claim of justification.[14] To make this prima facie showing, the defendant must show that the victim was the aggressor, the victim assaulted the defendant, and the defendant was honestly trying to defend himself.[15] If a defendant fails to make this required showing prior to trial, the trial court may prohibit any mention of the victim's acts of violence during the defendant's opening statement.[16]

In this case, the defendant failed to meet the threshold requirement of showing justification for the shooting. Prior to trial, the state and trial court assumed that Laster was claiming justification as his defense because he filed a notice of intention to present evidence of acts of violence by the victim. The defendant, however, never expressly asserted justification in his notice to the state or during the pre-trial hearing on that notice. Nor did he ever attempt to show, either prior to trial or after the state moved for a mistrial, that Berry was the aggressor. On the contrary, defense counsel advanced an entirely different theory during opening statement. He told the jury that the evidence would support the theory that someone else may have shot Berry.

Since Laster never made the required prima facie showing of justification, he did not meet his burden of proving that the evidence of Berry's specific acts of violence was admissible. As a result, defense counsel should not have mentioned Berry's acts of violence during opening statement.

3. Unlike previous cases, the trial court here did not consider the strength of the defendant's justification claim, rule that the evidence

---

[9] See id. at 407, citing *Lolley v. State*, 259 Ga. 605, 608 (385 SE2d 285) (1989) (Weltner, J., concurring).

[10] See Unif. Sup. Ct. R. 31.6 (B).

[11] See *Chandler*, 261 Ga. at 407-408 (imposing pre-trial notice requirement); Unif. Sup. Ct. R. 31.1 & 31.6.

[12] *Grano v. State*, 265 Ga. 346, 347 (455 SE2d 582) (1995).

[13] *Strong v. State*, 264 Ga. 837 (452 SE2d 97) (1995).

[14] See id. at 838 (defense must do more than "simply assert justification").

[15] *Chapman v. State*, 258 Ga. 214 (367 SE2d 541) (1988).

[16] See *Walden v. State*, 267 Ga. 162, 164 (476 SE2d 259) (1996).

was inadmissible, or prohibit defense counsel from mentioning the acts during opening statement. Instead, the trial court initially ruled that the evidence was admissible based on its erroneous assumption that the defendant would rely on a justification defense. We hold that the trial court did not abuse its discretion in granting a mistrial when defense counsel injected the prejudicial issue of the victim's violent acts without having first made a prima facie showing of justification. Under these circumstances, the public's interest in granting the state one fair opportunity to present evidence to an impartial jury outweighs the accused's right to have his trial completed before a particular jury. Accordingly, the state is not prevented from retrying Laster for the murder of Berry.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*William J. Murray,* for appellant.

*John R. Parks, District Attorney, Barbara Anne Becraft, Assistant District Attorney, Thurbert E. Baker, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.