## S98A0960. WILLIAMS v. THE STATE.
(504 SE2d 441)

HUNSTEIN, Justice.

Larry Donnell Williams was convicted of the malice murder of his former girl friend, Marquita Powell, and of possession of a firearm during the commission of a crime. He was sentenced to life imprisonment for the murder conviction and five years to be served consecutively for the firearms conviction. He appeals from the denial of his motion for a new trial.[1]

---

[1] The homicide occurred on March 22, 1996. Williams was indicted on December 17, 1996 in Bacon County, following extradition from the State of New York on September 13, 1996. He was found guilty on October 22, 1997 and was sentenced the same day. His motion for a new trial was filed on November 17, 1997 and was denied on January 27, 1998. Williams filed a notice of appeal in the Court of Appeals on February 20, 1998. The case was transferred to this Court on March 19, 1998. The appeal was docketed on March 24, 1998 and submitted for decision without oral argument.

1. The jury was authorized to find that on March 18, 1996 Williams ended a stormy relationship with Powell and moved out of her trailer home. Three days later, he placed a telephone call to Powell in which he angrily threatened to return to her home and kill her. Powell's friend, Billie Jean King, who had answered the telephone, recognized Williams' voice, spoke with him briefly and heard the first threat. Williams placed two more threatening calls to Powell while King was still visiting with Powell. King overheard Powell "fussing" and "hollering" during the calls and after each call Powell informed King that Williams had threatened to kill her. Powell also related the threats to two other friends, Wynona Blake and Lakecia Elverton. Later that evening Powell was shot at point blank range through the door of her home.

At 12:30 a.m. on the night of Powell's death, a neighbor observed Williams drive a small white car past Powell's home and then saw Williams again about one-half hour later. At 1:30 a.m. neighbors heard a shotgun blast. Williams' mother testified at trial that her white car had been moved on the night of the murder. Police investigators testified that they found an empty shotgun shell box which bore the imprint of the manufacturer and the type of buckshot recovered from Powell's body near the mother's vehicle.

Under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we hold the evidence was sufficient to enable a rational trier of fact to find Williams guilty of the crimes with which he was charged beyond a reasonable doubt.

2. Williams contends that the trial court erred in denying his motion to sever the murder and possession of a firearm charges. We disagree. The charges were neither so numerous or complex as to confuse the jury and evidence of the firearms charge would be admissible in the murder trial inasmuch as Williams utilized the firearm to shoot Powell in the chest. "Where . . . as here, joinder is based on a series of acts connected together, severance lies within the sound discretion of the trial court. [Cits.]" *Bland v. State*, 264 Ga. 610, 611 (449 SE2d 116) (1994). There being no error in the trial court's exercise of its discretion, this enumeration is without merit.

3. Williams enumerates as error the admission of similar transaction evidence. Pursuant to Uniform Superior Court Rule 31.1, the State noticed its intent to introduce evidence of the beating by Williams of his former girl friend Monique Davis.[2] Because Davis was unavailable, the State presented the evidence through the testimony of two police officers, Smith and Grant. Officer Smith testified that

---

[2] Because Williams had entered a first offender plea and was never adjudicated guilty in the Davis incident, the State agreed that it would not introduce a copy of the indictment.

he found Davis screaming on the floor of her home, that she had been hit with a stick or table leg, that he knew both Davis and Williams and also knew that Williams had lived with Davis and had moved out. He did not relate the content of any conversation with Davis. Compare *Grano v. State*, 265 Ga. 346 (3) (455 SE2d 582) (1995) (error to admit testimony of prior acts based on hearsay). Officer Grant testified that, following *Miranda* warnings and waiver of counsel, Williams confessed to her that he had been angry with Davis, had broken into her house and beaten her. The testimony of the officers was not hearsay nor was it otherwise inadmissible. Additionally, Williams' contention that this single prior act of violence was not probative of a pattern of behavior and the details of the prior act were not sufficiently similar to be probative are not persuasive. "The evidence was probative of [Williams'] method of resolving disputes with his [former] girl friends by committing violent acts upon them." *Howard v. State*, 228 Ga. App. 775, 776 (1) (492 SE2d 683) (1997). We find no error in the trial court's admission of this evidence under the standard set forth in *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also *Willingham v. State*, 268 Ga. 64 (3) (485 SE2d 735) (1997).

4. The challenge to the admission of evidence of prior difficulties between Williams and Powell is without merit. *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998).

5. Williams' final complaint that the trial court erred in denying his motions for mistrial when witnesses Grant and Elverton injected his character in evidence by references to "jail" and "burglary" is without merit. Williams' failure to renew his motion for a mistrial following curative instructions constitutes a waiver of appellate review. *Kilgore v. State*, 251 Ga. 291 (2) (b) (305 SE2d 82) (1983); *McAlister v. State*, 204 Ga. App. 259 (1) (419 SE2d 64) (1992). Moreover, as a general rule, non-responsive answers to a given question do not improperly place the defendant's character in issue under OCGA § 24-9-20 (b). See *Jones v. State*, 257 Ga. 753, 759 (1) (c) (363 SE2d 529) (1988). The curative instructions given by the trial court adequately preserved Williams' right to a fair trial, with the result that it was not error for the trial court to deny the motions for mistrial. See *Eagle v. State*, 264 Ga. 1 (2) (440 SE2d 2) (1994); *Kilgore*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Martin H. Eaves*, for appellant.
*Richard E. Currie*, District Attorney, *Alexander J. Markowich*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General,

*Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.