S04A0907. SPEARMAN v. THE STATE.
(602 SE2d 568)

HUNSTEIN, Justice.

Michael Renard Spearman appeals from the trial court's denial of his plea of former jeopardy. Because in Spearman's first trial there existed a manifest necessity for the declaration of a mistrial and the trial court did not abuse its sound discretion in rejecting possible alternatives to mistrial, we affirm the determination that Spearman may be retried.

The record reflects that Sandra Highland, a key prosecution witness in the State's murder case against Spearman, was under subpoena for Spearman's November 2003 trial. On the Friday before the Monday call of the case, an investigator for the district attorney's office spoke with Highland and arranged to collect her on Monday afternoon and drive Highland and Highland's male companion[1] to a hotel where they would stay during the trial. That Monday the State announced ready for trial and jury selection began. The investigator arrived in the early morning to pick up Highland. Her male companion told the investigator that Highland had left with a cab driver friend to clean houses but would be back in the afternoon. The investigator returned at the designated time and waited several hours with the companion, but Highland did not return.[2]

---

[1] The companion was included based on the investigator's understanding that he was Highland's common law husband.

[2] Spearman and his counsel also spoke with Highland's male companion that evening as they tried to locate her but the companion likewise failed to inform them of her true whereabouts.

Trial began the next day, November 18, 2003. That morning when Highland still could not be located, the investigator contacted the cab driver friend and learned that Highland had been in an accident on Saturday and was hospitalized with a broken pelvis. The investigator found Highland at the hospital and talked with her. Highland told the investigator she was receiving morphine and the pain medication Percocet; the investigator observed a morphine drip and determined from the conversation that Highland was not very coherent. The investigator contacted the district attorney's office. The prosecutor, who was in the process of examining the State's first witness, brought the matter to the trial court's attention, informing the court that the witness had been in a car accident the prior Saturday, that she had a broken pelvis and was immobilized. After a recess provided so that the prosecutor could review the matter, the trial court entertained several options proposed by the State as alternatives to a mistrial. The trial court then heard from the defense. Spearman objected to a mistrial, arguing that the State should have anticipated there would be a problem with Highland not appearing at trial.[3] Spearman offered no alternatives to mistrial. Instead, while defense counsel acknowledged that he did not "know if [the court] is looking at the possibility of bringing [Highland] in," he objected on Spearman's behalf to that action.

Highland's medical records, filed in the case by the State on the order of the trial court, reflect that Highland had a fractured pelvis[4] and received medication for her pelvic pain. The records also reflect that Highland became "very upset" and insisted on being released from the hospital. This occurred at 4:00 p.m. on November 18, the day the trial began. Highland was prescribed pain medication; provided with a walker and a commode chair; instructed to limit her activity by 50 percent; and was requested to seek follow-up care in two weeks.

1. It is undisputed that jeopardy attached in Spearman's first trial. Case law is well-established that once jeopardy has attached,

> an accused is entitled to have the trial proceed to an acquittal or conviction by that jury. The trial court may interrupt the proceedings and declare a mistrial over the defendant's objection only if the prosecutor demonstrates manifest necessity for the mistrial. Manifest necessity exists when the

---

[3] The State had attempted to try the case a month earlier but due to Highland's failure to appear the case was placed on the dead docket; however, Highland had made appearances at other proceedings in the case.

[4] The records reflect a fracture of the right sacrum, mildly displaced fractures of the right superior and inferior pubic rami and nondisplaced fractures involving the left superior pubic ramus and questionably the left inferior pubic ramus.

accused's right to have the trial completed by a particular tribunal is subordinate to " 'the public interest in affording the prosecutor one full and fair opportunity to present [her] evidence to an impartial jury.' "

(Footnotes omitted.) *Laster v. State*, 268 Ga. 172, 173 (1) (486 SE2d 153) (1997).

We recognize that "the strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence." (Footnote omitted.) *Arizona v. Washington*, 434 U. S. 497, 508 (98 SC 824, 54 LE2d 717) (1978). However, this is not an instance in which the prosecutor proceeded to trial aware that the State's key witness was not available to give testimony. Compare id. at 508, fn. 24. The record reflects that the State took reasonable steps in light of past problems to ensure the appearance of its subpoenaed witness; that Highland's unavailability at trial was due solely to an unforeseeable accident that occurred the weekend before the trial; and that because of the misleading information provided by Highland's companion, the State could not reasonably have known on the Monday call of the case that Highland would not be available for trial. Thus, there was no evidence that the prosecutor knew prior to trial that Highland would not be available to testify.

"When there is no prosecutorial misconduct, the trial court has broad discretion in deciding whether to grant a mistrial." (Footnote omitted.) *Laster*, supra, 268 Ga. at 173. Given the uncontrovertedly essential nature of the testimony Highland was to provide and the absence of prosecutorial misconduct, we find no error in the trial court's determination that a mistrial was warranted in this case due to manifest necessity. Accord *Humphrey v. State*, 244 Ga. App. 808 (1) (537 SE2d 95) (2000) (manifest necessity for mistrial where critical, subpoenaed witnesses failed to appear at trial); *Spencer v. State*, 192 Ga. App. 822 (1) (386 SE2d 705) (1989) (manifest necessity for mistrial where subpoenaed witness left unexcused after morning trial session and could not be located); *Davis v. State*, 170 Ga. App. 748 (318 SE2d 202) (1984) (manifest necessity for mistrial where adolescent witness escaped from juvenile shelter the night before her testimony).[5]

---

[5] Although the trial judge who granted the mistrial commented that the State had failed to make "proper preparations for this trial with regard to this very, very difficult witness," we refuse to accept Spearman's "but for" argument, i.e., that but for the State's failure to secure Highland's presence the week before trial she would never have been involved in the car accident over the weekend, and thus reject Spearman's argument that the State can be held responsible where a witness's failure to appear at trial is both unforeseeable and wholly unrelated to any reason for that witness's prior unavailability.

2. Spearman contends his double jeopardy plea should have been granted because the trial court failed to consider less drastic alternatives before it granted the State's motion for a mistrial. In order to ensure that a criminal defendant's constitutionally-protected interest is adequately protected, reviewing courts have an obligation to satisfy themselves that the trial judge exercised "sound discretion" in declaring a mistrial. *Arizona v. Washington*, supra, 434 U. S. at 514 (III).

> A trial [court] has acted within [its] sound discretion in rejecting possible alternatives and in granting a mistrial, if reasonable judges could differ about the proper disposition, even though "[i]n a strict, literal sense, the mistrial is not 'necessary.' " [Cit.] This great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. [Cits.] Deference to the judge's sound discretion also precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived a defendant of constitutional rights. . . .

*Burleson v. State*, 259 Ga. 498, 501 (384 SE2d 659) (1989).
The record here reflects that the trial court "duly weighed the respective rights of the defendant and the state before electing to declare a mistrial and that prior to announcing the mistrial, it considered other lesser alternatives, including the granting of a continuance." *Terrell v. State*, 236 Ga. App. 163, 165 (511 SE2d 555) (1999) (manifest necessity for mistrial where prosecutor had a family medical emergency). The State presented the trial court with three "options" for its consideration that would have involved continuances rather than mistrial. Further, Spearman was afforded the opportunity to suggest his own alternatives, but chose instead to object to the alternative of the court "looking at the possibility of bringing [Highland] in." Although the trial court here did not have the specifics of the extent of Highland's injuries, the prosecutor had accurately informed the trial court that Highland had suffered a broken pelvis and was, at that time, immobilized. We agree with the observation by the court in denying Spearman's double jeopardy motion that "ordinarily you wouldn't expect a person to get up and start walking around" with a broken pelvis. We cannot conclude that the trial court's decision to grant a mistrial was not authorized, even though subsequent events indicate that the mistrial may not have been strictly necessary,[6]

---

[6] Although Highland left the hospital the day the trial started, no information was adduced

because "under the totality of the attendant circumstances, a situation [was] here created whereby reasonable judges could differ as to the type of disposition required to protect [Spearman's] fair trial rights." *Cooke v. State*, 230 Ga. App. 326, 329 (496 SE2d 337) (1998). See also *Burleson*, supra, 259 Ga. at 501. Accordingly, the trial court did not err by denying Spearman's plea of former jeopardy.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Avis K. Hornsby, Kenneth D. Kondritzer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

as to her physical condition or the effect of pain medication on her ability to testify at that time. Testimony indicated that Highland was still in a wheelchair approximately a month after the first proceeding was mistried.