# Court of Appeals
# of the State of Georgia

ATLANTA,___August 12, 2014___

*The Court of Appeals hereby passes the following order:*

**A14A1210. CHARLIE DEVILLE CARTER v. THE STATE.**

Charlie Deville Carter has filed a motion to remand without prejudice, requesting that we remand to allow the development of his ineffective assistance of counsel claims.

As to this issue, the record shows that Carter's trial counsel filed a timely notice of appeal following his conviction by a jury of two counts of child molestation. Carter subsequently filed a pro se motion seeking the appointment of new counsel so that he could pursue an ineffectiveness claim against his trial counsel, and he was subsequently appointed new counsel to represent him on appeal.

Newly appointed appellate counsel then filed a motion requesting permission to filed a motion for new trial and an out-of-time appeal in order to pursue Carter's ineffectiveness claims. Thereafter, appellate counsel also filed a motion for leave to substitute a motion for new trial in lieu of Carter's previously filed notice of appeal. Subsequently, appellate counsel filed a proposed motion for new trial and brief in support of the motion, contending the trial court committed several legal errors at trial, that the trial court should grant a new trial based on the "general grounds," and that trial counsel was ineffective in numerous ways, the cumulative effect of which resulted in prejudice requiring a new trial. On February 5, 2014, the trial court denied Carter's request to substitute his motion for new trial in lieu of his notice of appeal. Carter's original appeal was then docketed in this Court on March 5, 2014.

We agree with Carter that remand under these circumstances is proper. *Strong v. State*, 263 Ga. 587, 590 (6) (436 SE2d 213) (1993). Carter's new appellate counsel asserted his ineffectiveness claim in the trial court at the first available moment and

has requested that we remand this case to the trial court so that his ineffectiveness claim could be developed. Further, once the notice of appeal was filed by original counsel, the trial court lost jurisdiction to act on these matters, so that remand is necessary to give the trial court the opportunity to rule on these contentions. *McCulley v. State*, 273 Ga. 40, 43 (4) (537 SE2d 340) (2000).

Moreover, in addition to not having the authority to rule on Carter's ineffectiveness claims, the trial court also has not yet had the opportunity to exercise its "broad discretion to sit as a thirteenth juror" in response to Carter's challenge to the evidence on the "general grounds," an undertaking this Court cannot do. (Citation and punctuation omitted.) *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013). And, since remand is necessary here, the trial court will also have the opportunity to consider Carter's other claims of error in the first instance, which in any event is unnecessary for us to do at this time given our decision to remand this case. Accordingly, Carter's motion for remand is hereby GRANTED and this case is hereby remanded to the trial court for further proceedings to resolve the claims asserted in Carter's proposed motion for new trial. Carter will have 30 days to file a notice of appeal if his motion is ultimately denied.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/12/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*