## S97A0704. LEWIS v. THE STATE.
(485 SE2d 212)

THOMPSON, Justice.

Defendant Norman Lewis was convicted of malice murder and sentenced to life in prison.[1] He appeals, enumerating error on the general grounds and the trial court's refusal to allow evidence of the victim's prior violent acts. We affirm.

Viewing the evidence in a light favorable to the jury's finding of

[1] Defendant killed the victim on March 20, 1995. He was indicted and charged with malice murder on May 8, 1995. The trial began on August 22, 1995; defendant was found guilty on August 23, 1995; he was sentenced that same day. Defendant's timely filed motion for a new trial was denied on December 18, 1996. Defendant filed a notice of appeal on January 7, 1997. The appeal was docketed in this Court on January 30, 1997, and submitted for decision on briefs on March 24, 1997.

guilt, *Eagle v. State*, 264 Ga. 1, 3 (440 SE2d 2) (1994), we find the following: Defendant lived with the victim, Alissa Williams, off and on for several years. Williams was a cocaine addict who repeatedly threatened defendant and begged him for money. Williams left Atlanta and went to Cordele, her hometown, but not before she took defendant's savings, approximately $1,000, with her.

Defendant bought a one-way bus ticket to Cordele. He visited with his niece and took a butcher knife from her kitchen. He asked his family to forgive him for what he was about to do. When he spotted Williams walking down the street, he chased her, stabbed her in the back, and stabbed her many more times after she fell to the ground.

Defendant walked to a church, went inside, and told a deacon he had stabbed someone. Following his arrest, defendant made a full confession, saying he went to Cordele to kill Williams. Defendant added that he wanted, but was unable, to kill himself; and that he wanted to be put to death without a trial.

1. The evidence was sufficient to authorize a rational trier of fact to find defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Blackwell v. State*, 264 Ga. 517 (448 SE2d 359) (1994).

2. Defendant asserts the trial court erred in refusing to permit defendant to introduce evidence demonstrating that sometime between February and March 1995, Williams stabbed him on two occasions, once with a knife, and once with a screwdriver; that Williams threatened to kill him almost every day during that same time period; and that Williams threw boiling water on him on October 19, 1991. We disagree.

Although a defendant can introduce evidence of a victim's prior acts of violence, *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669) (1991), he must first make a prima facie showing that the victim was the aggressor, that the victim assaulted him, and that he was honestly seeking to defend himself. *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996). In other words, defendant must demonstrate that the prior acts would be relevant to a defense of justification. *Chandler v. State*, supra. Defendant failed to make such a showing. In his proffer, defendant simply averred that he stabbed the victim because she cursed him and swung at him with her fist. This evidence did not raise a justification defense.[2] It follows that evidence of Williams' prior violent acts was inadmissible.

Even if it could be said that evidence of Williams' prior acts

---

[2] We note that defendant did not claim that he suffered from battered person syndrome. See generally *Chester v. State*, 267 Ga. 9 (471 SE2d 836) (1996).

should have been admitted, any error in this regard was harmless. After all, the evidence against defendant was overwhelming. Moreover, although other witnesses were not permitted to testify about Williams' prior acts, defendant testified about them without objection. Thus, it is highly probable that any error in this regard did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). See also *Bennett v. State*, 254 Ga. 162, 165 (3) (a) (326 SE2d 438) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1997.

*John W. Sherrer, Jr.,* for appellant.

*John C. Pridgen, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.