## S99A1100. PHILLIPS v. THE STATE.
(521 SE2d 573)

BENHAM, Chief Justice.

This appeal is from Raquel Twan Phillips's conviction of murder and possession of a firearm during commission of a crime.[1] The evidence adduced at trial showed that earlier on the evening of the shooting involved here, Phillips and a group of friends argued with the victim, Pamela Burden, and one of her sisters. When Phillips produced a pistol during the argument, Burden offered to fight if Phillips would put away the gun. Phillips refused and threatened to kill someone that night, whereupon Burden retreated into a nearby house. When Burden and her sister emerged, Phillips and her friends were standing across the street, from which location Phillips taunted Burden. When another of Burden's sisters arrived, Burden began to approach Phillips and her friends. Phillips produced her pistol again; Burden offered again to fight if Phillips would put down the gun; and Phillips shot Burden in the forehead and then fled. A spent shell casing found at the scene was determined to come from a 9mm pistol found more than a block away. Although Phillips claimed at trial that the gun fired accidentally, a weapons examiner found that pistol to fire normally. Phillips sought to introduce into evidence Burden's conviction for aggravated assault, but the trial court ruled that the necessary prima facie case had not been made and excluded the evidence.

1. The evidence adduced at trial and set out above was sufficient to authorize a rational trier of fact to find Phillips guilty beyond a reasonable doubt of murder and possession of a firearm during com-

---

[1] The shooting occurred on February 23, 1997, and Phillips was indicted on April 14, 1997, for malice murder, felony murder, and possession of a firearm during commission of a crime. At trial on August 12-13, 1997, Phillips was convicted of malice murder, for which she was sentenced to life imprisonment, and possession of a firearm during commission of a felony, for which she received a consecutive sentence of five years imprisonment. Her motion for new trial, filed August 13, 1997, was denied on April 7, 1999; her notice of appeal was filed on April 8, 1999; and the appeal was docketed in this Court on April 23, 1999, and submitted for decision on the briefs.

mission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lee v. State*, 270 Ga. 626 (513 SE2d 225) (1999).

2. Phillips enumerates as error the trial court's exclusion of evidence that Burden had previously been convicted of aggravated assault. Before evidence of a victim's prior violent acts can be admitted, the defendant must, among other requirements, make a prima facie showing of justification. *Lewis v. State*, 268 Ga. 83 (2) (485 SE2d 212) (1997). " 'To make this prima facie showing, the defendant must show that the victim was the aggressor, the victim assaulted the defendant, and the defendant was honestly trying to defend himself.' [Cit.]" *Haynes v. State*, 234 Ga. App. 272 (2) (507 SE2d 151) (1998). Phillips did not make that showing. The evidence showed instead that it was Phillips who instigated the confrontation, taunting Burden. Burden was still approaching when Phillips killed her, so Phillips could not show that Burden assaulted her. See *Lewis*, supra. Furthermore, since Burden's offer to fight Phillips was conditioned on Phillips putting down the gun, which Phillips did not do, the evidence did not show that Phillips was honestly defending herself. See *Haynes*, supra. Because Phillips did not make a prima facie showing that Burden assaulted her or that she was honestly trying to defend herself, the trial court did not err in excluding the evidence of Burden's previous conviction. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.