S99A1805. JENKINS v. THE STATE.
(527 SE2d 192)

HINES, Justice.

A jury found Casey Jenkins guilty of felony murder while in the commission of aggravated assault in connection with the fatal shooting of Pete Howard, and he was sentenced to life imprisonment. Following the denial of his motion for new trial, Jenkins appeals, contending that the evidence was insufficient to support his conviction and that the trial court erred by giving the jury a sequential charge in violation of *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). Finding the contentions to be without merit, we affirm.[1]

1. The State presented evidence that early on the morning of May 10, 1996, Pete Howard was found dead outside a bar and grill in Liberty County. An employee discovered the body lying on the ground by the barbeque pit. The cause of Howard's death was a rifle bullet wound to the trunk of his body. At the time of death, the victim's blood alcohol content was .08 and cocaine metabolites were present in his system. The previous night, Jenkins, Dedrick Palmer, and Jenkins' cousin came to the bar and grill to get something to eat. Palmer went inside and Jenkins stayed outside. Howard was there and appeared to be "mad" and was "just acting angry." Howard and Palmer argued and Palmer poured a cup of beer on Howard, but the men did not exchange blows or engage in a physical fight. Howard went to sit under the barbecue shed. Jenkins threw his car keys to Palmer and told him to get a "gun" out of the trunk of Jenkins' car. Palmer had some trouble getting the trunk open and it took a couple of minutes for him to retrieve the weapon. Palmer pointed it "on a level" in Howard's direction and fired six or seven times.

Thus, the State demonstrated that Jenkins was a party to the underlying aggravated assault of Howard, and the evidence was sufficient for a rational trier of fact to find Jenkins guilty beyond a rea-

---

[1] The murder occurred May 9-10, 1996. On February 17, 1997, a Liberty County grand jury indicted Casey Jenkins and Dedrick Palmer for felony murder while in the commission of aggravated assault. Following a joint trial on October 28, 1997, Jenkins and Palmer were both found guilty, and each was sentenced to life in prison. Palmer's conviction was affirmed by this Court on November 23, 1998. *Palmer v. State*, 270 Ga. 278 (507 SE2d 755) (1998). Jenkins filed a motion for new trial on November 14, 1997. The motion was denied on April 15, 1999, and Jenkins filed a notice of appeal to the Court of Appeals the same day. The case was transferred to this Court on August 27, 1999, and was docketed in this Court on September 7, 1999. The appeal was submitted for decision on November 1, 1999.

sonable doubt of his felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jenkins fails in his claim that the trial court's jury instruction violated *Edge v. State*, supra. "The procedures which must be followed in order to preserve for appellate review a trial court's charge are as applicable to the sequential charges which were disapproved in *Edge* as they are to charges dealing with any other issue." *Palmer*, supra at 279 (2), citing *Bryant v. State*, 268 Ga. 33, 34 (1) (485 SE2d 763) (1997). When the trial court inquired about objections to its charges as given, Jenkins' counsel responded that there were none and did not reserve the right to later object. Thus, appellate review is waived. *Palmer* at 279 (2). What is more, the defendant's challenge to the court's instruction on voluntary manslaughter fails for yet another reason. Even though there was evidence of an angry exchange between Palmer and the victim, such evidence did not demonstrate the passion or provocation as would authorize a jury charge on voluntary manslaughter. Id. See also *McGill v. State*, 263 Ga. 81, 83 (3) (428 SE2d 341) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000 —
RECONSIDERATION DENIED MARCH 24, 2000.

*Pirkle & Pirkle, Robert F. Pirkle,* for appellant.

*J. Thomas Durden, Jr., District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.