A02A1883. BENTON v. THE STATE.
(576 SE2d 674)

ADAMS, Judge.

Barron Benton appeals his convictions for aggravated assault and possession of a firearm during the commission of a crime. He primarily contends that the trial court erred by prohibiting evidence of one victim's past violent acts. He also challenges the sufficiency of

the evidence and contends that he was denied his right to effective assistance of counsel.

Construed in favor of the verdict, the facts show that on July 8, 2000, Benton was in his car in front of a relative's home preparing to leave, when Gerald Strong drove by on a motorcycle with Latara Harris riding as his passenger. Benton recognized Strong's motorcycle and began to follow in his car. Benton knew both riders: he had been involved romantically and fathered a child with Harris, and he was acquainted with Strong. After following the motorcycle a short way, Benton began to fire shots at Strong and Harris with an automatic pistol, emptying the chamber. He hit Strong four times and Harris twice. Benton admitted firing the shots but claimed that he was justified in shooting Strong and did not intend to shoot Harris.

The jury found Benton guilty of aggravated assault on Harris, but it deadlocked on whether he was guilty of aggravated assault on Strong. The jury also found Benton guilty of possession of a firearm during the commission of a crime.

1. As a part of his justification defense, Benton intended to introduce evidence that Strong had killed someone in the past. In response to the State's motion in limine, the trial court excluded the evidence because proper notice had not been given under Rule 31.6 of the Uniform Rules of Superior Court, which requires ten days notice and a pre-trial hearing regarding introduction of evidence that the victim has been violent to third persons.

Evidence of specific acts of violence by a victim against third persons is admissible where the defendant claims justification. *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991). But in order to present such evidence, Benton "was, at a minimum, required to (1) follow the procedural requirements for introducing the evidence, (2) establish the existence of prior violent acts by competent evidence, and (3) make a prima facie showing of justification." (Citations omitted.) *Shields v. State*, 272 Ga. 32, 34 (3) (526 SE2d 845) (2000). To make this prima facie showing, the defendant must demonstrate that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend himself. Id.

We hold that regardless of whether the trial court should have exercised its discretion to shorten the notice required under Rule 31.6, Benton did not make a prima facie showing of justification, and therefore the evidence was not admissible. See *Shields v. State*, 272 Ga. at 34 (3). No evidence was presented that Strong was the aggressor, nor any evidence that Strong assaulted Benton to start the shooting. Benton was in his car and not impeded from driving away; in fact, he stated to the police that he followed Strong when Strong made a turn. Benton did not testify that Strong made any threaten-

ing moves; in fact, he testified that he did not see Strong reaching for a gun or hear any shots being fired. Although Benton believed that Strong may have been armed, he testified that he started shooting because he was afraid of Strong because Strong had threatened him in the past. This evidence does not constitute evidence of justification for the use of deadly force. See OCGA § 16-3-21 (a); *Lewis v. State,* 268 Ga. 83, 84 (2) (485 SE2d 212) (1997). See also *Felder v. State,* 273 Ga. 844, 846 (4) (545 SE2d 918) (2001). Therefore, the trial court did not err by excluding evidence of prior acts of violence by Strong on a third person.

2. Benton contends the trial court erred by allowing the State to introduce the statement that he made to the police in redacted form. The statement was redacted in accordance with the court's decision on the State's motion in limine to exclude Benton's comments that he knew that Strong had killed someone in the past.

OCGA § 24-3-38 provides: "When an admission is given in evidence by one party, it shall be the right of the other party to have the whole admission and all the conversation connected therewith admitted into evidence." See also *West v. State,* 200 Ga. 566, 569 (37 SE2d 799) (1946). But such a statement may be redacted to exclude irrelevant information. *Brown v. State,* 270 Ga. 601, 604 (5) (512 SE2d 260) (1999). The trial court did not abuse its discretion by allowing the State to redact the information that it had deemed inadmissible. Furthermore, Benton testified that Strong told him he had killed a man before. Therefore, it is highly probable that any error associated with failing to read Benton's entire statement did not contribute to the verdict. See *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Benton also claims the trial court improperly excluded a tape recording of a call to 911 that he made two days prior to the shooting. But Benton has failed to explain what statements on the tape would have aided his case. And we have reviewed the tape and find nothing that adds to Benton's testimony about making the call that could alter the verdict under the test in *Johnson v. State,* 238 Ga. 59. This enumeration is without merit.

4. The evidence was sufficient to support the verdict. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Benton's argument that the verdict is inconsistent because the jury deadlocked on the charge of aggravated assault on Strong is without merit. The jury could have found that Benton intended to assault Harris as well.

5. Finally, Benton has not shown that his trial counsel was ineffective by failing to give timely notice of intent to introduce evidence of Strong's past violent conduct on a third person and the 911 tape. Because we find that Strong's past conduct was inadmissible and any

error associated with the 911 tape was harmless, Benton is not able to show the second prong of the standard for determining ineffective assistance of counsel, i.e., that counsel's deficiency prejudiced the defense. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 2003.

*John L. Land*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.