## S06A1957. MILNER v. THE STATE.
(641 SE2d 517)

MELTON, Justice.

Derrick Milner appeals his convictions for felony murder and aggravated assault, contending that the trial court erred by excluding evidence of the victim's prior violent acts and by denying his motion for a mistrial.[1] For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the evening of August 6, 2005, Derrick Milner (the defendant) and his cousin Rodney Milner (the victim) were at the defendant's home when John McKinnon and others arrived there. Shortly thereafter, the victim and McKinnon began arguing, and McKinnon cut the victim's arm with a knife. In response, the victim picked up a 2x6 board, hit McKinnon in the head, and kicked him on the ground where McKinnon fell unconscious. Police were called, and when they arrived at the scene, they arrested McKinnon and recovered the knife that he had used. Before the police left the scene, Mark Brown, another of the defendant's cousins, arrived at the defendant's home. In the defendant's presence, the victim insulted Brown's wife, starting a quarrel and some pushing. The defendant separated the two men momentarily, and Brown followed the defendant into the house, leaving the victim outside. Moments later, Brown went back outside and began to make amends with the victim. In the meantime, the defendant retrieved a gun from his safe, loaded it, and walked onto his back porch. The defendant, holding the gun, demanded that the victim apologize to Brown. The victim refused to do so and began moving toward the defendant. The defendant then fired two warning shots, frightening Brown who fled towards a nearby field. The victim continued to approach the defendant, and, just before the victim

---

[1] On October 4, 2005, the defendant was indicted by a Randolph County Grand Jury for the malice murder of Rodney Milner, two counts of felony murder (one count with the aggravated assault of Rodney Milner as the underlying felony and one count with the aggravated assault of Mark Brown as the underlying felony), and two counts of aggravated assault (one relating to Rodney Milner and the other to Mark Brown). Following a jury trial conducted on December 12-15, 2005, the defendant was convicted on all counts except one of the charges of felony murder. On January 4, 2006, the defendant was sentenced to life imprisonment for the felony murder of Rodney Milner with the aggravated assault of Rodney Milner as the underlying felony, and the remaining counts regarding crimes against Rodney Milner were merged into this sentence. In addition, the defendant was sentenced to twenty years consecutive for the aggravated assault of Mark Brown, to be served on probation, and the defendant was ordered to be banished from the Pataula Judicial Circuit during any period of probation. No motion for new trial was filed. The defendant's notice of appeal was filed on January 23, 2006. The defendant's timely appeal was docketed in this Court on July 26, 2006 and orally argued on November 6, 2006.

reached him, the defendant shot the victim, killing him. The defendant claims that, at the time of the final shot, the victim, who was unarmed, was preparing to strike him.

1. This evidence was sufficient to enable the jury to find the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two related enumerations, the defendant nonetheless contends that the trial court erred by excluding evidence regarding the victim's propensity for acts of violence. Evidence of a victim's prior violent acts must be excluded, however, unless a defendant first makes a prima facie showing of justification for his actions. *Lewis v. State*, 268 Ga. 83 (2) (485 SE2d 212) (1997). To make this showing, the defendant must produce sufficient evidence to prove that: (1) the victim was the aggressor; (2) the victim assaulted the defendant; and (3) the defendant was honestly trying to defend himself. *Phillips v. State*, 271 Ga. 489 (2) (521 SE2d 573) (1999).

As found by the trial court, the defendant did not produce sufficient evidence to make this showing. Despite the victim's earlier acts on the evening in question, the defendant failed to show that, at the time that the shooting began, the victim was the aggressor in their confrontation. Prior to the shooting, the evidence, as set forth in the defendant's own testimony at trial, shows that any confrontation between the victim and Brown or the defendant had ended, as both Brown and the defendant walked away from the victim and into the defendant's house. When the defendant later walked back outside carrying a loaded gun with him and ordered the victim to apologize, the defendant became the aggressor, precipitating the deadly confrontation that ensued. See, e.g., *Maynor v. State*, 241 Ga. 315 (245 SE2d 268) (1978); *Phillips*, supra, 271 Ga. at 490 (2). Therefore, the trial court did not err by excluding evidence of the victim's prior acts of violence.

3. The defendant contends that the trial court erred by denying his motion for a mistrial after a police officer called as a witness by the State displayed a knife used by McKinnon to cut the victim. The defendant contends that the State should have produced the knife before trial pursuant to his *Brady*[2] motion for discovery and that, because the knife was not produced, the defendant was prejudiced. Pretermitting whether the defendant has proven the other elements of a *Brady* violation, he has failed to show that he was prejudiced such that "a reasonable probability exists that the outcome of the trial would have been different had the evidence been disclosed." *Watkins*

---

[2] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

*v. State*, 276 Ga. 578, 583 (4) (581 SE2d 23) (2003). In this case, the undisputed testimony revealed that the knife was not involved in the altercation between the defendant and the victim and had, in fact, been removed from the scene by police before the shooting. Although the defendant offers mere speculation contrary to this undisputed testimony, "this speculation is insufficient to establish a reasonable probability that the outcome of the trial would have been different" if the defendant had been provided with the knife prior to trial. *Ferguson v. State*, 280 Ga. 893, 895 (2) (635 SE2d 144) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2007 —
RECONSIDERATION DENIED FEBRUARY 26, 2007.

*Frank K. Martin*, for appellant.

*Charles M. Ferguson, District Attorney, Ron S. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.