S09A1995. LOADHOLT v. THE STATE.
(687 SE2d 824)

THOMPSON, Justice.

Oliver Loadholt was convicted and sentenced for malice murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with the shooting death of Michael Webb.[1] He appeals from the denial of his motion for new trial claiming that he was denied effective assistance

---

[1] The crimes were committed on December 27, 1999. An indictment was returned on

of trial counsel, that the trial court erred in instructing the jury, and that he was prejudiced by inordinate delay between conviction and appeal. Finding no reversible error, we affirm.

In the days leading up the shooting, Loadholt told his next-door neighbor Bradford Watts and others that he was upset because he learned that the victim had been romantically involved with his (Loadholt's) wife and was disseminating that information to co-workers at the roofing company where the victim and he were both employed. Loadholt also told Watts that he planned to get retribution by killing the victim. On the morning of the shooting, Loadholt pawned a television set and received $50; he told the proprietors of the pawn shop: "I needed this $50 to buy some shells; I am going to kill my wife's boyfriend." That evening, as the victim was walking toward his apartment, Loadholt approached him, produced a shotgun, and fatally shot him in the chest. Loadholt went directly to Watts' apartment and announced to his friend that he had just killed the victim. Then Loadholt returned to his own home where he placed a 911 call and gave the same information to the dispatcher. Loadholt was taken into custody and in a custodial statement he told the police that he was angry with the victim and shot him because the victim told people at work that he was in a relationship with Loadholt's wife.

1. The evidence was sufficient for a rational trier of fact to find Loadholt guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Loadholt asserts that he was denied effective assistance of trial counsel due to counsel's failure to object to an allegedly sequential jury instruction in violation of *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), and by counsel's failure to attempt to exclude an allegedly prejudicial charge on adultery. To prevail on this claim, Loadholt was required to show that his attorneys' performance was professionally deficient, and that but for counsel's errors,

---

February 7, 2000, charging Loadholt with malice murder; felony murder while in the commission of an aggravated assault; possession of a firearm during the commission of a felony; and possession of a firearm by a convicted felon. Trial commenced on September 26, 2000, and on September 28, 2000, a jury found Loadholt guilty as charged. He was sentenced on the same day to life imprisonment without possibility of parole for malice murder in accordance with OCGA § 17-10-7; five consecutive years for possession of a firearm during the commission of a felony; and fifteen consecutive years for possession of a firearm by a convicted felon. The remaining felony murder count was merged for purposes of sentencing. See *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Loadholt filed a motion for new trial on October 5, 2000, which he amended on August 24, 2005 and April 8, 2009. The motion for new trial as amended was denied on June 24, 2009. A notice of appeal was filed on July 22, 2009. The case was docketed in this Court on August 13, 2009, and was submitted for a decision on briefs on October 5, 2009.

there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

In *Edge*, supra at 867, this Court held that a charge is improperly sequential if it requires "the jury to consider voluntary manslaughter only if it has considered and found the defendant not guilty of malice murder and felony murder." (Emphasis omitted.) In the present case, the court charged the jury on the elements of malice murder, felony murder, and voluntary manslaughter, but specifically instructed the jury that they do not have to consider the crimes in that order.[2] Since the court's charge did not violate *Edge*, counsel cannot be considered professionally deficient for failing to object to the charge as improperly sequential. In addition, counsel's "failure to raise meritless objections was, by definition non-prejudicial." *Hampton v. State*, 282 Ga. 490, 492 (2) (a) (651 SE2d 698) (2007). Thus, Loadholt fails to satisfy either prong of *Strickland*.

Nor is Loadholt correct in his assertion that the court's charge on adultery in the language of Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.10.13 (4th ed. 2007), prevented the jurors from considering adultery as provocation for a verdict of voluntary manslaughter. On the contrary, the court specifically charged the jury that they *could* consider voluntary manslaughter "if it is shown by the evidence that the killing was done by the defendant without malice and not in the spirit of revenge, but under a violent, sudden impulse of passion created in the mind of the [defendant]" by ongoing adultery or recent discovery of past adultery. Thus, the charge as given " '(left) the door open for the jury to consider whether such killing was committed in circumstances which would constitute voluntary manslaughter.' " *Shields v. State*, 285 Ga. 372, 376 (3) (677 SE2d 100) (2009). See also *Ricketts v. State*, 276 Ga. 466 (6) (579 SE2d 205) (2003). Accordingly, counsel's failure to object to the charge did not constitute deficient performance or prejudice under *Strickland*.

3. In addition, Loadholt recasts these allegedly improper jury instructions as trial court error. Our review of the transcript reveals that trial counsel failed to object at trial to any portion of the jury instruction or to reserve the right to object later. The procedures in place at the time of Loadholt's 2000 trial required such objections in order to enumerate as error on appeal an erroneous charge or the failure to charge, unless the defendant has demonstrated "substantial error in the charge which was harmful as a matter of law."

---

[2] The court charged: "You do not have to pass on the question of malice murder and felony murder. You can consider the manslaughter charge irrespective of the other counts in this case."

OCGA § 5-5-24 (c).[3] See *Jenkins v. State*, 272 Ga. 250 (2) (527 SE2d 192) (2000). Loadholt has not made such a showing. Thus, any challenge to the jury instruction is waived for purposes of appellate review. Id. Notwithstanding, as we determined in Division 2, supra, the jury instructions were not erroneous for the reasons asserted.

4. Lastly Loadholt asserts that inordinate delay between conviction and appeal prejudiced his appeal.

In analyzing a claim involving delayed resolution of direct appeals from judgments entered on criminal convictions in which the death penalty was not imposed, we apply the four speedy trial factors set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), to determine if the defendant was denied due process of law. *Chatman v. Mancill*, 280 Ga. 253, 256 (2) (a) (626 SE2d 102) (2006). See also *Browning v. State*, 283 Ga. 528, 531 (2) (b) (661 SE2d 552) (2008). The *Barker* factors include the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id.

Evidence adduced at the hearing on the motion for new trial demonstrated that nine years had elapsed from conviction to appeal due to inaction on the part of Loadholt's succession of post-conviction attorneys who did nothing to press his motion, despite Loadholt's attempts to assert his right to a ruling. Under these circumstances, we conclude that Loadholt's due process rights are implicated by the delay, thus triggering a due process inquiry. See *Chatman*, supra at 257 (2) (b). Compare *Browning*, supra at 531 (2) (b) (due process rights not implicated where the delay was caused by defendant's own inaction).

During the pendency of the motion for new trial, a series of Loadholt's post-conviction attorneys were required to withdraw from the case for various reasons and substitutions had to be made. A hearing on the motion for new trial was also delayed because of ill health on the part of the only trial judge then in the circuit.

When the delay approached five years, Loadholt attempted to assert his right to a ruling on the motion for new trial by telephoning his various attorneys and by filing a motion to proceed pro se, as well as an amendment to his motion for new trial in which he urged the court to adjudicate his claims. He also alleged ineffective assistance

---

[3] The law with respect to the preservation of error with regard to jury instructions in criminal cases changed with the enactment of OCGA § 17-8-58, effective July 1, 2007. OCGA § 17-8-58 (a) now requires a criminal defendant to "inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate." OCGA § 17-8-58 (b) precludes appellate review where there is a "[f]ailure to object in accordance with subsection (a) . . . unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties."

of his then post-conviction attorney which resulted in that attorney's withdrawal from the case and further delay. Finally, current counsel was appointed, and pressed for a hearing.

Even assuming that the first three *Barker* factors tend to weigh in Loadholt's favor, we agree with the trial court that Loadholt failed to show that he was prejudiced by the delay, and that considering all the *Barker* factors together, Loadholt's due process claim must fail.

> [T]he prejudice necessary to establish a due process violation based on post-conviction direct appeal delay is prejudice to the ability of the defendant to assert his arguments on appeal and, should it be established that the appeal was prejudiced, whether the delay prejudiced the defendant's defenses in the event of retrial or resentencing.

(Citations and footnote omitted.) *Chatman*, supra at 260 (2) (e). " '[A]ppellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different. . . .' [Cit.]" Id. Furthermore, where "the enumerations . . . raised on appeal are without merit; there can therefore be no prejudice in delaying a meritless appeal." *Cail v. State*, 287 Ga. App. 547, 554 (5) (652 SE2d 190) (2007). Loadholt's only claim of prejudice is the bare assertion that by the passage of time "counsel and witness[es]' memories [as to] the events of [the crimes] are less clear." Thus, he has failed to offer the specific evidence required to show that the delay has prejudiced his appeal or that the result of the appeal would have been different but for the delay.

While we do not approve of the delay occasioned here, we must review each case on its own facts. Based on the foregoing, the trial court did not abuse its discretion in ruling that Loadholt's due process claim must fail.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Haygood, Lynch, Harris, Melton & Watson, Jehan Yasmin El-Jourbagy*, for appellant.

*Richard G. Milam, District Attorney, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.