## S10A1552. GARRETT v. THE STATE.
(702 SE2d 875)

THOMPSON, Justice.

Appellant Nakiedrian Tammirrus Garrett was convicted of felony murder and possession of a firearm during the commission of a crime in connection with the shooting death of Darcell Kitchens.[1] He appeals, asserting, inter alia, the trial court erred in failing to give a complete charge on parties to a crime. Finding no error, we affirm.

1. Garrett confronted the victim in a bar and accused him of breaking into the home of Garrett's grandmother. Garrett had a gun; he was drunk. The victim suggested that the two men take their argument outside. Garrett and the victim left the bar. They continued to argue and began to struggle. Garrett was shorter than the victim. Another (unidentified) man approached them as they struggled. Garrett and the unidentified man started "double teaming" the victim. Garrett pulled out his gun to scare the victim. Two shots were fired in quick succession. One bullet struck the victim in his chest, the other in his back. The victim managed to return to the bar where he fell on the floor and died.

Only one bullet — the one that entered the victim's chest — was recovered.[2] The State proved that that bullet was fired from Garrett's gun.

Garrett gave a statement to police in which he admitted shooting the victim:

> We went outside, so we started fussing, so he pushed me, so I pushed him back, he hit me, so we started fighting, then we went against the car, I was just going to scare him up even before I could do anything that was when he hit me the first time, so I pulled out the gun. I don't know how in the hell he saw it. I pulled it out, so we started fighting over it,

---

[1] The crimes occurred on January 9, 2005. The grand jury indicted Garrett on March 21, 2005, and charged him with malice murder, felony murder, aggravated assault, and possession of a firearm in the commission of a crime. Trial commenced on October 17, 2005. Garrett was convicted of felony murder, aggravated assault and the firearm possession charge; he was sentenced to life for felony murder and five years consecutive for possession of a firearm. Garrett's timely filed motion for a new trial, as amended, was denied on May 11, 2010. Garrett filed a notice of appeal on May 18, 2010. The case was docketed in this Court for the September 2010 term and submitted for decision on briefs.

[2] The other bullet was never found.

so it went off. I am really telling the truth, I don't know how in the hell that second shot went off, man, I did not plan that, I just wanted to talk to him to ask him why, why, why.

The evidence was sufficient to enable any rational trier of fact to find Garrett guilty beyond a reasonable doubt of felony murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At the request of the State, the trial court charged the jury that every party to a crime may be convicted of the crime. OCGA § 16-2-20 (a). However, the trial court did not define "party to a crime." OCGA § 16-2-20 (b). Garrett asserts the charge was incomplete and harmful because the jury could have convicted Garrett as a party to the crime without finding that he intentionally aided or abetted another in committing the crime. This enumeration of error was not preserved for review because Garrett's trial counsel did not object to the charge in proper fashion. *Jenkins v. State*, 272 Ga. 250, 251 (2) (527 SE2d 192) (2000).

3. Garrett claims his trial counsel rendered ineffective assistance because he failed to object to the charge on parties to a crime.[3] In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Garrett "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." (Citations and punctuation omitted.) *Hill v. State*, 284 Ga. 521, 522 (2) (668 SE2d 673) (2008). We need not examine both prongs of this test; if Garrett cannot show a reasonable probability that the outcome of the trial would have been different, that is the end of our inquiry. *Bailey v. State*, 273 Ga. 303, 307 (5) (540 SE2d 202) (2001) (insufficient showing on either prong relieves appellate court of addressing other prong).

Garrett posits that the outcome of the trial would have been different if his trial counsel interposed an objection to the charge on parties to a crime. In this regard, he points out that another, unidentified individual approached Garrett and the victim as they struggled; that that individual and Garrett "double-teamed" the victim; that the victim was shot twice in quick succession; that because only one bullet was recovered it is possible that the second shot may have been fired by the unidentified individual with another gun; and that the second shot was the fatal wound. Completing the

---

[3] At the hearing on the motion for a new trial, Garrett's trial counsel averred that he did not object to the charge on parties to a crime because "it just slipped through."

argument, Garrett asserts that, if the trial court charged fully on parties to a crime, the jury may have acquitted him because there was no evidence that he intentionally aided, abetted, or encouraged the unidentified third person to fire the fatal shot at the victim. This argument does not withstand scrutiny for the simple reason that, even if someone else "double-teamed" the victim and fired the fatal shot, it is clear that Garrett and that individual joined in the attack on the victim; thus, Garrett is criminally responsible for the injuries inflicted on the victim even if he personally fired only one shot. *Cox v. State*, 242 Ga. App. 334, 337 (4) (528 SE2d 871) (2000). And Garrett has not shown a reasonable probability that the outcome of the trial would have been different had the trial court fully charged the jury on parties to a crime.

4. It was not error to refuse to permit Garrett to show that, shortly before the shooting, the victim started an argument with one Sidney Rhine.[4] The incident was not relevant because Garrett failed to make a prima facie showing of justification. *Laster v. State*, 268 Ga. 172, 174 (2) (486 SE2d 153) (1997). There was no evidence that the victim was the aggressor. To the contrary, the evidence clearly demonstrated that Garrett, who brought a gun to the bar to scare the victim, was the aggressor. See *Milner v. State*, 281 Ga. 612, 613 (2) (641 SE2d 517) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2010.

*James D. Lamb*, for appellant.
*Thomas C. Earnest, District Attorney, Megan A. Lane, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.

---

[4] The evidence also showed that in the midst of the argument Rhine picked up a bar stool to hit the victim.