## S13A1173. PHILLIPS v. THE STATE.
### (749 SE2d 699)

MELTON, Justice.

Following a jury trial, Christopher Phillips was found guilty of malice murder (Count 1), two counts of felony murder (Counts 2 and 3), aggravated assault (Count 4), possession of a firearm during the commission of a felony (Count 5), and possession of a firearm by a first offender probationer (Count 6), in connection with the shooting death of DeMario Bateman.[1] On appeal Phillips contends that his trial counsel was ineffective for failing to object to the admission into evidence at trial of State's Exhibit 13, which was a 2003 conviction of Phillips that the State used to prove an element of Count 6 of the indictment (i.e., that Phillips was on probation as a first time offender at the time that he shot Bateman). For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on February 8, 2007, six or seven people were hanging out, playing cards, drinking, listening to music, and smoking

---

[1] On May 18, 2010, Phillips was indicted for malice murder, two counts of felony murder (predicated on aggravated assault and possession of a firearm by a first offender probationer), aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer. Following a January 6-7, 2011 jury trial, Phillips was found guilty on all charges. On January 11, 2011, the trial court sentenced Phillips to life imprisonment for malice murder, five consecutive years to the murder count for possession of a firearm during the commission of a felony, and five consecutive years to the possession of a firearm count for possession of a firearm by a first offender probationer. The aggravated assault count merged into one of the felony murder counts, and both felony murder counts were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Phillips filed a motion for new trial on February 8, 2011, which he amended on May 30, 2012. Following a hearing, the trial court vacated Phillips' conviction for possession of a firearm by a first offender probationer, and denied Phillips' motion for new trial on September 21, 2012. Phillips filed a timely notice of appeal, and his appeal was initially docketed in the Court of Appeals. The Court of Appeals transferred the case to this Court, and the appeal was then docketed here for the April 2013 term and submitted for decision on the briefs.

marijuana at the apartment of Bateman and Bateman's girlfriend, Sherrena "She-she" Horne. Phillips, who also stayed at the house and who was at the gathering, was also smoking marijuana. At some point in the evening, Phillips confronted She-she about some missing marijuana that he claimed that he had hidden in the couch and that he suspected that someone must have stolen from him. Phillips then left the apartment and returned less than fifteen minutes later with a gun. Phillips pointed the gun at Bateman, demanding that he return his missing marijuana. Bateman tried to grab the gun, but Phillips shot him. When police arrived at the scene, Bateman was still gasping for air. Before he died from his gunshot wound, Bateman was able to tell one of the officers that Phillips had shot him.

The evidence was sufficient to enable a rational trier of fact to find Phillips guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Phillips contends that his trial counsel was ineffective for failing to object to the admission into evidence of a 2003 conviction that was used by the State to prove that he was on probation as a first offender at the time that he shot Bateman. Specifically, he contends that, because the document admitted into evidence did not contain sufficient information to show that Phillips was on probation at the time that he possessed a firearm on February 8, 2007, it constituted improper character evidence, and therefore could not be used as a basis for supporting a guilty verdict on Count 6 of the indictment. However, while Phillips is correct that State's Exhibit 13 did not contain sufficient information to show that he was on probation at the time of the murder, the record reveals that, because of this deficiency, the trial court vacated Phillips' judgment of conviction on Count 6 in its ruling on Phillips' motion for new trial. Accordingly, regardless of whether or not trial counsel performed deficiently by failing to object to State's Exhibit 13 on character grounds, Phillips suffered no prejudice from this failure to object as to the conviction that was vacated. See, e.g., *Haynes v. State,* 234 Ga. App. 272, 275 (4) (507 SE2d 151) (1998) (where trial court ultimately merged aggravated assault conviction with voluntary manslaughter conviction, claim that trial counsel was ineffective for having failed to argue that aggravated assault conviction should have merged with voluntary manslaughter conviction was moot). See also *Fuller v. State,* 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) ("[S]ince an appellant claiming ineffective assistance of counsel must show both deficient performance and actual prejudice stemming from that deficiency, an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong") (citations and punctuation

omitted). Moreover, in light of the overwhelming evidence of Phillips' guilt on the other counts upon which he was found guilty, there is no reasonable probability the outcome in this case would have been more favorable had counsel objected to State's Exhibit 13 in the manner that Phillips claims that he should have. See *Washington v. State*, 285 Ga. 541 (3) (b) (678 SE2d 900) (2009).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 2013.

*David D. Marshall*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Marc A. Mallon, Paige Reese Whitaker*, Assistant District Attorneys, *Samuel S. Olens*, Attorney General, *Patricia B. Attaway Burton*, Deputy Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Ryan A. Kolb*, Assistant Attorney General, for appellee.