**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 29, 2021**

# In the Court of Appeals of Georgia

A21A0381. WILLIAMS v. THE STATE.

PHIPPS, Senior Appellate Judge.

On May 9, 2008, a jury found Robert Williams guilty of armed robbery, two counts of aggravated assault, burglary, and two counts of possession of a firearm during the commission of a crime.[1] The trial court sentenced Williams on June 6, 2008, to life on the armed robbery count, five years to run concurrent to each other and consecutive to the other counts on the possession of a firearm counts, and concurrent sentences on the other counts. Williams filed a timely motion for new trial on June 12, 2008. The trial court denied the motion on March 22, 2018, but vacated and reissued its order on July 21, 2020, when it was discovered that Williams was not

---

[1] The jury also found Williams's co-defendant, Deondre Bernard Moody, guilty of the same offenses. This Court affirmed Moody's convictions in an unpublished opinion. *Moody v. State*, 324 Ga. App. XXVII (October 18, 2013).

properly served with the original order. Williams then timely appealed. Williams does not challenge the trial court's denial of his motion for new trial on appeal, but asserts that his convictions should be reversed due to the trial court's extreme delay in both ruling on his motion for new trial and serving its order denying the motion on Williams. Because Williams has failed to demonstrate any prejudice resulting from the post-conviction appellate delay, we affirm his convictions.

The record shows as follows. On June 18, 2008, the trial court filed a notice of hearing, indicating that Williams's motion for new trial would be heard on July 24, 2008. Williams, however, requested a continuance because the trial transcript had not yet been prepared and he was seeking appellate counsel, who would need time to review the transcripts. On April 12, 2010, appellate counsel entered an appearance. On December 8, 2011, Williams filed a pro se petition for case records. It does not appear from the record that anything else took place until Williams's motion for new trial was placed on the October 8, 2015 calendar. This hearing was postponed to March 31, 2016, and then again to May 26, 2016.[2] A hearing on the motion for new

---

[2] No explanation for the rescheduling appears in the record.

trial was held on May 26, 2016,[3] and a transcript of the hearing was filed on June 8, 2016.

On June 2, 2017, Williams's appellate counsel filed a "Motion for Ruling or for Immediate Release." The motion listed the time line of the case and cited OCGA § 15-6-21 (b), which requires the court to decide all motions for new trial within 90 days. On March 22, 2018, the trial court entered an order denying Williams's motion for new trial. However, the trial court inadvertently sent the order to defense counsel's incorrect address. Williams filed a motion to vacate and re-enter the order, which the trial court did on July 21, 2020. Williams then filed this timely appeal, arguing that the trial court's failure to timely rule on his motion for new trial and timely serve him with the order denying his motion deprived him of his constitutional and statutory due process right of appeal.

The delay in this case undoubtedly is troublesome. There was an eight year delay between the time of Williams's trial and the hearing on his motion for new trial, and a twelve year delay between the time of the trial and Williams's receipt of the

---

[3] The transcript indicates the hearing occurred on May 26, 2015, but there does not appear to be any dispute that it actually occurred on May 26, 2016.

3

order denying his motion for new trial. As both the Supreme Court of Georgia and this Court have noted, post-conviction, pre-appeal delays

> put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. . . . [T]hese extended and unjustified delays in resolving criminal cases make our State's criminal justice system appear unfair and grossly inefficient.

*Owens v. State*, 303 Ga. 254, 258-259 (4) (811 SE2d 420) (2018) (citation omitted) (nineteen-year delay between sentencing and docketing of appeal); *Ward v. State*, 351 Ga. App. 490, 493 (1) (831 SE2d 199) (2019) (seven-year delay between the time of trial and the ruling on the motion for new trial). Appellate courts repeatedly have admonished trial courts that such delays are unacceptable and reiterated that "it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Owens*, 303 Ga. at 258 (4) (citation omitted); accord *Hardeman v. State*, 357 Ga. App. 649, 653 (2) (849 SE2d 229) (2020).

In analyzing whether a substantial delay in the appellate process implicates a defendant's due process rights, "we review appellate due process claims under the four-factor analysis used for speedy trial claims set forth in *Barker v. Wingo*, 407 U.S.

4

514 (92 SCt 2182, 33 LE2d 101) (1972)." *Davis v. State*, 307 Ga. 625, 632 (4) (837 SE2d 817) (2020) (citation and punctuation omitted); accord *Chatman v. Mancill*, 280 Ga. 253, 256-257 (2) (a) (626 SE2d 102) (2006). These factors include the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Chatman*, 280 Ga. at 256 (2) (a). However, "where prejudice is clearly lacking, we will not reverse a conviction, even if the other factors favor the defendant." *Clay v. State*, 309 Ga. 593, 598 (6) (847 SE2d 530) (2020) (citation and punctuation omitted). "[I]n determining whether an appellate delay violates due process, prejudice, unlike in the speedy trial context, is not presumed but must be shown." *Davis*, 307 Ga. at 633 (4) (citation omitted).

To establish prejudice, the defendant must show that "the post-conviction direct appeal delay prejudiced the ability of the defendant to assert his arguments on appeal, leading to a reasonable probability that, but for the delay, the result of the appeal would have been different." *Clay*, 309 Ga. at 598 (6) (citations and punctuation omitted); accord *Davis*, 307 Ga. at 633 (4) ("Appellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different.") (citation and punctuation omitted). "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Chatman*, 280 Ga. at 261 (2) (e) (citation and punctuation omitted).

Here, Williams argues that the deprivation of his right to appeal for over ten years "should be considered a *per se* prejudice[.]" However, neither the Supreme Court of Georgia nor this Court have recognized any per se prejudice in the context of a post-conviction appellate delay. In fact, the Supreme Court has noted that a bare assertion that the passage of time results in prejudice is insufficient to demonstrate that the delay has prejudiced a defendant's appeal or that the result of the appeal would have been different but for the delay. See *Loadholt v. State*, 286 Ga. 402, 406 (4) (687 SE2d 824) (2010). See also *Cook v. State*, 251 Ga. App. 845, 849 (2) (833 SE2d 544) (2019) ("the period of post-conviction incarceration is not, in and of itself, a violation of [a defendant's] due process rights.") (citation and punctuation omitted). It, therefore, was incumbent upon Williams to demonstrate that the delay actually prejudiced his ability to assert his arguments on appeal, leading to a reasonable probability that the result of his appeal would have been different but for the delay. *Clay*, 309 Ga. at 598-599 (6); *Loadholt*, 286 Ga. at 406 (4). This he has not done.

Williams has failed to argue, let alone show, that the delay actually prejudiced his ability to assert his arguments or that a reasonable probability exists that he would

have prevailed on appeal but for the post-conviction delay. He does not cite a single error occurring before the trial, during the trial, or at sentencing, or indicate how the result of his appeal would have differed from that of his co-defendant, whose appeal we affirmed in 2013. See *Moody*, 324 Ga. App. XXVII (October 18, 2013) (unpublished). Williams further "points to no change in the law or facts or loss of material evidence . . . that would raise a reasonable probability that the outcome of his appeal would have been different but for the delay in pursuing his motion for new trial." *Shank v. State*, 290 Ga. 844, 849 (5) (c) (725 SE2d 246) (2012). Accordingly, we find no merit to Williams's argument that his convictions should be reversed based solely on the lengthy post-conviction delay in this case.

*Judgment affirmed. McFadden, C. J., and Rickman, P. J., concur*.